## E. G. Graves v. Sarah B. Smith, Executrix.

### No. 43.

1. **Charge of Court.**—The petition alleges that plaintiff had signed a note as surety, and the two defendants as principals, and that he had paid the note. One defendant averred " he did not receive any of the consideration, but that the same was received wholly by plaintiff." It was error for the court to instruct the jury, that if they found that all the makers were principals, then plaintiff is entitled to recover two-thirds of the amount paid. The jury should have been instructed to find for aliquot parts of the indebtedness against the respective defendants. If plaintiff was surety he was entitled to recover the entire amount paid as against the principals.

2. **Principal and Surety.** — Joint obligors on a note, in the absence of proof, are presumed to be equally benefited by the consideration. When one surety pays off the debt of an insolvent principal, he can recover from each surety his proportionate part of the indebtedness for the whole amount of the shares of the other sureties in a joint judgment against them. Where one of several principals pays off a joint indebtedness the same rule prevails.

Appeal from Bexar. Tried below before Hon. W. W. King.

*Geo. C. Altgelt*, for appellant.—As to the charges of the court which submit to the jury the issue whether all the parties were principals, and if they found they were, then the plaintiff is entitled to receive from the defendants two-thirds of the amount paid: Railway v. Faber, 63 Texas, 344; Cannon v. Cannon, 66 Texas, 682; Rules Dist. Ct., 60a; Acers v. Curtis, 68 Texas, 424; 11 Suth. on Dam., 596, 597, et seq.

*Upson & Bergstrom*, for appellee.

FLY, Associate Justice.—It is alleged in plaintiff's (appellee's) petition, that her testator, in 1875, signed a note as a surety for appellant and his father, R. L. Graves, and afterwards the payee of the note recovered judgment on the note against the makers, and defendant failing to pay off or satisfy the judgment, plaintiff's testator paid the same; that the amount of the judgment was $1172.14, together with interest thereon from March 13, 1878, at the rate of 1½ per cent per month.

Defendant E. G. Graves excepted to plaintiff's petition, because the cause of action was barred by the statute of limitation of two, four, and ten years; because it does not appear from the petition what amount was paid by plaintiff on the judgment; and excepted to the portion of the petition setting up interest at 1½ per cent per month, because no facts are shown entitling plaintiff to that rate of interest. This defendant also pleaded general denial; that he did not receive any consideration for the amount of the judgment, but that plaintiff's testator had received it all; and there was a plea of two, four, and ten years limitation.

R. L. Graves, the other defendant, answered by general denial.

There was a verdict and judgment for $1433.32, with 8 per cent interest from date of payment of the judgment. Only E. G. Graves perfected his appeal.

The petition alleges, that plaintiff's testator signed the note as a surety, and the defendants as principals, and the only pleading in the case on this point other than this is the exceedingly unsatisfactory allegation in appellant's answer, that "he did not receive any of the consideration whereon the said judgment is founded, but that the same was wholly received by plaintiff's testator." Upon the most liberal construction of this allegation and that in the petition, we are not prepared to say that the court was justified in giving a charge as to all the parties being principals; but admitting this very doubtful proposition to be correct, we are of the opinion that the court erred in not directing the jury to find for aliquot parts of the indebtedness against the respective defendants. The charge, which is assigned as error, is as follows: "If you find from the testimony that all of the parties were principals, then the plaintiff is entitled to recover from the defendants two-thirds of the amount paid." The jury responded in a verdict for two-thirds of the amount paid on the judgment, evidently in direct response to this paragraph of the charge, for under no other paragraph could their verdict be held responsive to their instructions. If they had found from the evidence that the allegations in plaintiff's petition were true, and that the testator had signed the note as a surety, they would have been compelled to have rendered a verdict for the full amount sued for, and the defendants, both being principals, would have been jointly responsible to the testator for the amount paid out by him for them.

Was the charge of the court correct? We think not. If the note was signed by the three men as principals, upon a settlement among themselves of the indebtedness, each one would be liable to the one paying the whole indebtedness in proportion to what each obtained out of the consideration of the note. If either of them obtained nothing, he would, ipso facto, as among the signers of the note, be a surety and not a principal. In the absence of proof, it would be presumed that joint obligors on a note were benefited in equal degrees by the consideration. In the case of sureties, when one pays off the debt of an insolvent principal, he can recover from each surety his proportionate part of the indebedness for the whole amount of the shares of the other sureties in a joint judgment against them. Acers v. Curtis, 68 Texas, 424. Where one of the several principals pays off a joint indebtedness, we are of the opinion that the same rule would prevail. Plaintiff's testator, if he signed the note with defendants as principals, was, as between the makers of the note, responsible for the amount he received as a consideration, and when he paid the debt he was entitled to contribution from each of his joint obli-

gors in the amount of his aliquot share of the debt.    Dan. on Neg. Inst., sec. 1340.

We hold that the charge of the court instructing the jury to find a joint verdict against defendants was error.

The other assignments are not well taken, and need not be discussed.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered October 25, 1893.