Dole *v.* Warren.

---

### DOLE *versus* WARREN.

An action brought by one co-surety to recover against another a contribution for money, paid *after* the defendant's discharge in bankruptcy, is not barred by that discharge, although the original obligation, on which they were co-sureties, was payable *before* the defendant petitioned to be decreed a bankrupt.

The defendant's exposure *to become* indebted to the *plaintiff* was so contingent and uncertain, that it could not have been proved in the court of bankruptcy as a claim against the bankrupt's estate.

Where, in a suit upon such a bond, the obligee struck out the name of one of the defendant co-sureties, upon a suggestion being made of his bankruptcy, and recovered judgment against the principal and another co-surety, the former co-surety is not relieved from contribution, by the obligee's omission further to prosecute the suit against him.

ASSUMPSIT, by one co-surety to recover contribution against another co-surety.

Dole *v.* Warren.

The plaintiff and defendant and two others, in 1836, became sureties for one Lancy, as a collector of taxes.

In November, 1842, the defendant petitioned to be declared a bankrupt. An action on the bond was commenced against all the obligors, upon the 12th of December, 1842. On the 13th of the same December, the defendant was decreed to be a bankrupt, and on the 30th of January, 1844, obtained a bankruptcy discharge.

During the progress of the suit on the bond, and after said discharge had been obtained, the obligee struck out the name of the defendant, and of another of the sureties, upon suggestions being made of their bankruptcy; and afterwards, in 1845, recovered judgment against the principal and the two other sureties, of whom the present plaintiff was one, amounting to $1490,41. The amount of the judgment was paid by a levy upon the plaintiff's real estate. This suit is brought to recover one-fourth part of that payment.

Upon these facts, a legal judgment was to be entered by the court.

*Jewett* and *Crosby,* for the plaintiff.

*Hobbs,* for the defendant.

1. The plaintiff's cause of action, if any, arose upon the default of Lancy, which was prior to the defendant's petition in bankruptcy. The defendant's discharge in bankruptcy, is therefore, a bar to this suit. This plaintiff might have paid the debt before the defendant petitioned in bankruptcy, and then proved his claim for contribution in the bankruptcy court.

2. The discontinuance, by the obligee in the bond, as to the defendant, was a legal discharge from all liability on the bond.

When the defendant was thus exonerated from the bond, he could be under no liability to the co-sureties.

Tenney, J. — The facts reported in this case bring it within the principle of the cases of *Woodward* v. *Herbert & al.* 24 Maine, 358, and *Ellis* v. *Ham,* 28 Maine, 385. The claim

of the plaintiff was one, which might, by possibility, exist at a future time, when the defendant filed his petition to become a bankrupt, and when he was decreed to be such ; but it was then so uncertain, that it could not have been proved as a claim against the bankrupt's· estate, and was not discharged by his certificate.

The voluntary discontinuance as to Warren by Whitman in the suit, upon the bond against Lancy and his sureties, cannot relieve him from liability tō contribution. This discharge from the action was the act of one, who was fully empowered by the statute to make it, on the payment of costs, and could not have been controlled therein by the plaintiff. The obligation of the defendant to the plaintiff now sought to be enforced, arises under a contract entered into at the time the bond was executed. By becoming sureties on the bond, each impliedly promised all the others, that he would faithfully perform his part of the contract entered into by the obligors, pay his proportion of loss arising from the total or partial insolvency of the principal, and to indemnify them against any damage by reason of his neglecting to do so. *Howe* v. *Ward*, 4 Greenl. 195. This contract between the sureties was entirely unaffected by the omission of Whitman to prosecute the suit against the defendant. As long as he was able to obtain a judgment against the principal, the plaintiff and another of the sureties, and upon that judgment received a payment from the plaintiff, the event had happened, in which the defendant had failed to fulfil his promise to the plaintiff and to his damage. Whether the defendant would have been still liable on the bond, after the suit was discontinued, for any balance, which might remain due, is not a question that we are called upon in this action to decide. The plaintiff having paid money, or its equivalent, on account of his joint suretyship with the defendant, is entitled to recover one quarter part of the same from him, according to the agreement of the parties. *Defendant defaulted.*