68  423
81  157

No. 5633.

## C. F. ACERS v. W. R. CURTIS.

1. PRINCIPAL AND SURETY—CONTRIBUTION—EQUITY.—One of several co-sureties who voluntarily pays a note, the principal debtor being insolvent, is entitled in a suit to enforce contribution against his co-sureties to recover from each his aliquot proportion of the original debt, according to the number of the original sureties who are solvent; he also must sustain his proportion of the loss resulting from insolvency.

2. SAME.—In such a suit by a surety who has voluntarily paid the debt, the per cent as attorney's fees in addition to the debt, stipulated for as attorney's fees in the event of suit, can not be collected; a pro rata contribution on the amount actually paid only can be enforced.

ERROR from Clay. Tried below before the Hon. B. F. Williams.

The opinion states the case.

*Barrett & Stine,* for plaintiff in error.

*E. W. Terhune* and *Plemons, Hazelwood & Templeton,* for defendants in error, cited Berge on Suretyship, 385; Brandt on Suretyship, section 269, 271, 274; Hicks v. Bailey, 16 Texas, 232; Mitchell v. DeWitt, 25 Texas Supplement, 184; Berge on Suretyship, 384.

WILLIE, CHIEF JUSTICE. Curtis brought this suit against the firm of Brannon Brothers, and also against H. Eddy, A. S. Mercer and the appellant, C. F. Acers. He alleged that he and the three last named defendants were sureties on a note which they together with Brannon Brothers executed to George W. West for two thousand eight hundred and forty-two dollars and sixty cents, which note bore interest at the rate of twelve per cent per annum, and in case of legal proceedings ten per cent attorney's fees on the amount of the note was to be collected from the makers. The note matured on the fifteenth of October, 1884, and payment was not made though demanded of the makers; whereupon Curtis paid the note and had it endorsed to himself. When paid the note amounted to three thousand one hundred and ninety-three dollars and seventeen cents, principal and interest, and this sum was paid to the payee by the appellee Curtis. Brannon Brothers were insolvent at the maturity of the note and at the commencement of the suit. Curtis claimed that his co-sureties were bound to pay him their pro rata of the above sum with interest, and ten per cent attorney's fees, viz., three hundred and nineteen dollars and thirty-one cents. He prayed for such judgment as he was entitled to under the allegations of his petition.

Citation issued upon this petition, and was served upon all the defendants except A. J. Mercer as to whom it was returned "not found." He was alleged in the petition to be a resident of Cheyenne, Wyoming Territory. No answer was filed, and judgment was rendered for plaintiff, reciting that all the defendants had been duly served with citation and had failed to appear. This judgment was against Brannon Brothers for the sum of three thousand six hundred and ninety-one dollars, to bear interest at

twelve per cent per annum; and, in case this could not be made out of the other parties, against the other defendants for the sum of two thousand seven hundred and ninety-two dollars and forty-one cents, which was said to be their pro rata of the amount paid by Curtis upon the note. This, too, was to bear interest at twelve per cent per annum. From this judgment Acers prosecutes a writ of error to this court.

It is apparent that the recovery given to Curtis against his co-sureties was three-fourths of the amount due on the note at the date of the judgment with attorney's fees added. The appellee was not entitled to such a judgment under the allegations of his petition. He was one of four co-sureties on the note. When he paid it he became entitled to contribution from each of his co-sureties in aliquot parts according to their number; that is to say, one-fourth of the amount paid, with interest, from each surety. (Morrison v. Poyntz, 7 Dana, 307; Stothoff v. Dunham, 4 Harr., N. J., 182.)

He was not entitled to recover the whole three-fourths from those sureties in a joint judgment against them. The injustice of such a judgment is apparent from the fact that the whole of it could be made out of one defendant, and in case of the insolvency of the others, this defendant would be forced to pay three times the amount the plaintiff was entitled to recover of him. The rule in equity in case of such insolvency is, that the solvent sureties bear equally the burden of payment. This rule, as well as that which requires all the sureties, when solvent, to share equally in the payment, is violated by the present judgment. (Powell v. Mathis, 4 Iredell, Law, 83; Henderson v. McDuffie, 5 N. H., 35.)

Nor can we perceive upon what principle the plaintiff recovered ten per cent attorney's fees of the defendant sureties. He had not paid attorney's fees to the owner of the note. They were not to be paid except in case of suit, and it does not appear that any suit had been commenced on the note when he took it up. He says that he was forced to pay it, but the inference is that this was by reason of the insolvency of the makers. At all events, he paid no attorney's fees, and was entitled to recover contribution only for what he did pay. A surety can not speculate off of his co-sureties. If he purchases the note for less than its face value, they are entitled to share in the benefits of the bargain, much less can he get from them a proportionate share of the face value, if he pays the note in full. From this it

is apparent that the judgment below was error. It was not authorized by the pleadings, and hence could not be rendered, though no appearance was made for the defendants. This view of the judgment relieves us of the necessity of passing upon the question as to whether or not it could be sustained against Mercer, who *was not* served according to the sheriff's return, but *was* according to the recitals of the judgment. It is not probable that a recovery will be attempted again as to Mercer, without bringing him into court in some manner recognized by our statutes.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*