JONES *et al.* v. LEWIS.

In an action at law upon a joint promissory note, all the makers except one being sureties, a verdict against some of the sureties for the whole amount of the note, and against one of them for half that amount, is contrary to law. The plaintiff may, however, enter judgment against all the sureties for the lesser sum, and direction is given accordingly.

July 8, 1891. By two Justices.

Promissory notes. Principal and surety. Practice. Before Judge FORT. Macon superior court. November term, 1889.

Reported in the decision.

J. W. HAYGOOD, by B. P. HOLLIS, for plaintiffs in error.
J. M. DUPREE, by E. A. HAWKINS, *contra.*

SIMMONS, Justice.

Lewis sued Stubbs as principal, and J. F. Barfield, Jones, and Jesse Barfield, as sureties, on a joint promissory note for $115.98, with interest from maturity at eight per cent., and attorneys' fees. The sureties pleaded that Stubbs was the principal upon the note and they were only sureties, which the plaintiff knew at the time and before he advanced the money; that they only agreed to stand security for $50, and that they signed the note in blank, no amount whatever being on its face when they signed; that they never signed or agreed to sign the note sued on, and authorized no one else to do so for them; that one of them told the plaintiff before he signed that he would only be responsible for Stubbs for $50, and that he never consented to be surety for him for any other sum; that the note was filled out by the plaintiff without the authority of these defendants, but they did authorize Stubbs to have the plaintiff fill it out for $50 only. The proof showed—and so the jury found—that one of the sureties notified the plaintiff before the note was filled out that he would only be bound for $50; but the proof fails to sustain the plea of the other sureties that they had agreed to sign only for $50, and that the plaintiff had notice thereof.

The court instructed the jury, in substance, that if they believed the note was signed in blank, but that Jesse Barfield, one of the sureties, notified Lewis that he would only be bound for $50, they could only find a verdict against him for that sum, and if the other sureties also signed in blank but did not notify Lewis that they would be bound for $50 only, they would be authorized to find against them for the principal and interest on the note. Under this instruction the jury returned a verdict in favor of the plaintiff for $50 against Jesse Barfield, and against the principal and the other sureties for the whole amount of the note. This charge

was error. This was an action at law and upon a joint promissory note. There was nothing on the face of the note to show that the sureties agreed to be severally bound for different amounts. When Lewis filled up the blank in the note for $115, after notice from one of the sureties that he would be bound only for $50, he could not recover from that surety more than $50. *Clower & Culpepper* v. *Wynn*, 59 *Ga.* 246; Johnson *v.* Blasdale, 40 Am. Dec. 85; Goss & Hammond *v.* Whitehead, 33 Miss. 213. And the note being a joint one, in our opinion the plaintiff could not recover more than that amount from the other sureties who had given no notice. The obligation was joint, and not joint and several, and the law will not allow the plaintiff to recover on a joint contract more from one surety than from another. The sureties have a right to contribution among themselves, and if one of them, against whom there is a verdict for $115, should pay it off, he would be entitled to equal contribution from his cosureties, where the contract shows no different liability; and if the judgment is only $50 against one and is $115 against another, there cannot be equal contribution. We direct, therefore, that the judgment be amended by entering up judgment against all the sureties for $50 principal, with interest thereon, and ten per cent. attorneys' fees, and costs.

*Judgment affirmed, with direction.*