### 1709, 1710.   HALL *et al. v.* HARRIS *et al.*

1. The right to have contribution, originally an equitable right, depends upon an implied promise on the part of each of several co-obligors to pay severally his proportionate part of the amount which has been advanced by that co-obligor who has paid the joint obligation. Consequently, in a case where one of the co-obligors has paid a promissory note, the note is not the basis of the action for contribution. The right of action has no connection with the promissory note, except that the payment of the note may afford evidence of the sum of money advanced by the paying co-obligor, and afford means for determining the aliquot portion thereof for which the defendant may be liable by reason of his implied promise to pay.

(*a*) The co-obligor's right of action for contribution arises at the time that he parts with his money in discharging, in whole or in part, the joint liability. He is not subrogated to the rights of the creditor upon the original obligation, though, if under the particular circumstances of the case an action at law will not give a complete remedy, equity may entertain jurisdiction to afford such relief as is appropriate.

2. A joint action for contribution can not be maintained against several co-obligors. Co-obligors who are liable for contribution are severally liable upon the implied promise of each to repay the payment advanced in his behalf; and the action for contribution must proceed against each, and separate judgments be rendered against each. The right of action to enforce contribution may be assigned, but, to authorize the assignee of this right to maintain an action for that purpose, it must be made to appear that there was an actual assignment of that specific right. The transfer of the original obligation is merely evidence of the obligation of all of the joint obligors to the original payee, and not evidence of the liability of one joint obligor to another. The right to recover upon the implied promise to pay (which enures to the benefit of that co-obligor who advanced money to discharge the common obligation) is separate and distinct from the original contract, and must be expressly conveyed to one who would derive any benefit from the assignment of this right.

3. It was not error to refuse an amendment which introduced a new party plaintiff without showing that some right of the original plaintiff was connected with the cause of action which he desired to assert in the name of the nominal party to be substituted.

Complaint, from city court of Fitzgerald—Judge Jay. January 27, 1909.

Submitted March 31,—Decided November 9, 1909.

*E. Wall,* for plaintiffs. *L. Kennedy,* for defendants.

RUSSELL, J.   J. C. Hall and H. Drenney brought an action to recover the proportionate parts alleged to be due by the defendants as co-obligors upon a promissory note for $3,200 and interest; and the judgment dismissing their petition is the subject-matter of this bill of exceptions.   The petition alleged, that on October 1, 1902, J. H. Harris, M. Buice, John A. Phillips, Samuel Greer, and C. B. White executed their promissory note for $3,200, bearing interest from date at the rate of eight per cent. per annum, payable on demand, to the order of the First National Bank of Fitzgerald (a copy of which is attached to the petition) ; that on October 21, Samuel Greer, on the demand of the First National Bank of Fitzgerald, paid said bank the full amount of said note; that the said J. H. Harris, M. Buice, C. B. White, and John A. Phillips refused and declined to pay their portion; that on February 3, 1903, Greer transferred the note to Frederick R. Greer; that later Frederick R. Greer indorsed the note, and it came to be, for value, the property of the petitioners.   Demand upon the co-obligors and refusal to pay is alleged.   The 9th and 10th paragraphs of the petition show that the pro rata amount due by each of the defendants is $640, with interest and attorney's fees.   At the appearance term the defendants demurred, upon the grounds, that there is a misjoinder of parties defendant; that the petition as a whole does not state sufficient facts to set out a cause of action against the defendants jointly, nor sufficient facts to give the court jurisdiction to entertain the suit as brought; and that if a cause of action in favor of the plaintiffs exists against any of the defendants, it is not a joint cause of action, but several against the separate defendants.   There were special demurrers as to the alleged demand and as to the claim of attorney's fees, and also calling attention to the fact that the petition does not state to whom Frederick R. Greer indorsed the note, or when or how the note became the property of the plaintiffs.   The plaintiffs offered an amendment, by which it was proposed to state

that "Frederick R. Greer sues for the use of J. C. Hall and H. Drenney;" and the court disallowed the amendment, and sus-tained an oral motion to dismiss the action.

1.  We are satisfied that the trial judge did not err in dismissing the plaintiffs' petition.  The dismissal can be sustained upon several grounds.  Omitting consideration of the fact that the petition did not disclose how the interest of the present plaintiffs in the note or in the right of action arose (if any interests had been transferred), and the fact that the court properly refused to allow the amendment which would have inserted a new party in the action, the petition, construed most strongly against the pleader, sought to recover of the defendants upon their liability on the promissory note.  This could not be done, because the petition itself alleged that the note had been paid.  The contract evidenced by the promissory note had been fully executed, and the indebtedness created by reason of the execution of the note had been paid.  If the plaintiffs had any right of action against the defendants, it had to arise from an assignment to them of Samuel Greer's right to enforce contribution.  The right to have contribution is an equitable right.  If Samuel Greer, who originally paid the note, had been proceeding against his co-obligors for contribution, his right of action would have no connection whatever with the promissory note, but would depend upon an implied promise on the part of each of his co-obligors to pay severally his proportionate part of the amount which Samuel Greer had advanced in his behalf when paying the note.  For this reason the ground of the demurrer in which it was insisted that the cause of action was not joint, but several against the respective defendants, was properly sustained.  In *Sherling* v. *Long,* 122 *Ga.* 797 (50 S. E. 935), a demurrer to the petition was sustained on the ground that the petition disclosed on its face that the cause of action arose more than four years prior to the institution of the suit, and, therefore, the action was barred by the statute of limitations. In affirming the judgment of the lower court the Supreme Court ruled as follows:  "Co-obligors and joint promisors are all equally bound to bear the common burden, and if one pays more than his share, he is entitled to contribution from the others. Civil Code, § 3991.  .  . It is clear that the right of contribution arises from the payment of the debt.  Until the co-obligor

has parted with his money in discharging the joint liability, in whole or in part, he has no right of action. If his cause of action has for its foundation the total or partial discharge of the joint liability, to the extent of more than his share, it would seem to follow that the cause of action must necessarily be predicated on the implied contract that the joint obligor who has not paid his share of the joint obligation will contribute to the co-obligor paying more than his share such sum as will equalize the burden. The payment of the debt by one of the obligors extinguishes the debt of the creditor, and the right of action against the co-obligor is not upon the original evidence of indebtedness, but upon the implied contract for contribution. . . A joint obligor is not subrogated in law to the rights of the creditor as against his co-obligor for contribution. If he pays more than his share of the debt, he may proceed for contribution, and whenever the circumstances are such as that an action at law will not give a complete remedy, equity may entertain jurisdiction. Civil Code, § 3991. It is the peculiar circumstances of the case which enlarge his remedy beyond an action at law arising from the payment of the joint liability. Thus, if the debt is evidenced by a note containing a waiver of homestead, and one of two joint obligors discharges the debt, he who paid the debt would be entitled, in an action at law, to a judgment against his co-obligor for one half of the debt thus discharged; and if in the collection of this judgment it became necessary to urge the waiver of homestead, he could appeal to the court for equitable relief in this particular." The court then proceeded to hold that the period of limitation as to actions for contribution was four years, because the action rested upon an implied contract, and therefore that the right of action was barred. That point does not arise in this case, because the action was brought within four years. But in view of the holding, not only in this State, but in other jurisdictions, that the right to contribution is an equitable right resting upon the implied promise of a co-obligor to pay that which has been advanced in his behalf, it is plain to be seen that the petition in the present case was demurrable.

2. For another reason the petition was properly dismissed. The defendants were sued jointly. So that even (giving the benefit of the doubt to the plaintiffs) were we to construe the petition

as an action in assumpsit resting upon the implied promise of the defendants as co-obligors to repay to their co-obligor the money advanced in their behalf, the petition could not have withstood the demurrer which raised the point that each defendant was severally liable, and that a suit against them jointly could not proceed. So far as we have been able to find, this exact point has not been heretofore ruled in this State. The rule, however, seems to be well settled in other jurisdictions, and is in accord with the principles of equity. If a co-obligor who has paid off a joint debt could proceed against the remaining co-obligors and obtain a single judgment against all of them jointly, one of them might be compelled to pay the entire amount, and then he would have to proceed anew against the remaining co-obligors, and thus a multiplicity of suits would be encouraged, rather than prevented. Furthermore, in a case such as that now before us, if of four joint obligors one was insolvent, and was so known to be to him who discharged the original joint obligation, and a recovery could be had against all four of those from whom he was entitled to contribution jointly, it might result in the original payee having to pay only one fifth of the whole amount, and yet three of his co-obligors who were solvent might finally be held liable for four fifths of the entire original obligation, by reason of the insolvency of one of the joint obligors. "The right of action to enforce contribution may be assigned. Where an obligor has the right of contribution against several co-obligors, their obligation to contribution is not a joint, but a several one." Falley v. Gribling (Ind.), 22 N. E. 723; Hoyt v. Tuthill, 33 Hun (N. Y.), 196; 9 Cyc. 800. "Each co-obligor is liable to contribute in proportion to his share of the common debt or obligation, but in determining the proportion which a debtor should contribute, regard will be had to only the solvent debtors, and to those within the jurisdiction of the court called upon to enforce contribution." 9 Cyc. 800. At common law, contribution can be enforced only for the aliquot share of each, reckoned as if all were solvent, is the ruling of several of the courts, but in view of the ruling in *Sherling* v. *Long,* supra, citing the ruling of Drummond v. Yager, 10 Ill. App. 380, the above rule which we have quoted from the cyclopedia would seem to be applicable in this State. It has at least been followed in numerous other jurisdictions. See Mills

*v.* Hyde, 19 Vt. 59 (46 Am. D. 177); Deering *v.* Winchelsea, 2 B. & P. 270; Moore *v.* Moore, 10 N. C. 358 (15 Am. Dec. 523); Faires *v.* Cockrell, 88 Tex. 428 (31 S. W. 190, 28 L. R. A. 528); 1 Story's Eq. Jur. §496. For a discussion of the reason why a party suing for contribution against several co-obligors is not entitled to a single judgment against all of them,—that this would violate the rule that each co-obligor is liable to contribute his proportionate share,—see O'Brien *v.* Drexilius, 7 Ky. L. Rep. 519, and Graves *v.* Smith, 4 Tex. Civ. App. 537 (23 S. W. 603), as well as the Falley and Hoyt cases, supra. There was, therefore, evidently a misjoinder of parties defendant. The action, to be amendable against any of the defendants, should have been brought severally against each. And even though the right of contribution be assignable, there is no statement in the petition that such an assignment was made by either of the Greers to the other or to the plaintiffs in this action. The allegation that the note was assigned or transferred after its payment amounted to nothing, because it was evidence, not of the liability of one or more of the joint obligors to another, but merely of the obligation of all of the obligors to the original payee; and when it was paid it was functus officio. The allegation that the note had been transferred, in the absence of a distinct allegation that Samuel Greer's right to contribution was assigned, really serves no purpose other than to incline one to believe that the petition was based upon the theory that the defendants' liability arose from the promissory note, and forces the conclusion that the assignment of the right of contribution to the present plaintiffs, which is absolutely essential to enable them to maintain an action, has never been made. In offering the amendment which the court rejected, it was apparent that the plaintiffs predicated their right of action upon the theory that by the transfer of the note they acquired the right of contribution which Samuel Greer had upon his payment of the note, and that by the mere assignment, transfer, or purchase of the note Samuel Greer's right to contribution from his co-obligors vested in the plaintiffs; this, too, though the note was first transferred by Samuel Greer to Frederick R. Greer, and then by Frederick R. Greer to the plaintiffs. The right of one who discharges an obligation, upon which he is jointly and severally liable with others, to have contribution

from his co-obligors, is assignable, but a mere transfer of the obligation after its discharge by payment upon his part will not serve to assign the payee's right to have his co-obligors reimburse to him their aliquot parts of the joint liability,—at least not in a court of law. *C. R. Co.* v. *Mitchell,* 63 *Ga.* 181 (1) ; *Daniel* v. *Tarver,* 70 *Ga.* 206 (2) ; *Baer* v. *English,* 84 *Ga.* 405 (11 S. E. 453, 20 Am. St. R. 372) ; *Steele* v. *Gatlin,* 115 *Ga.* 931 (42 S. E. 253, 59 L. R. A. 129). The right to recover upon the implied promise to pay, which enures to the benefit of that obligor who advanced money to discharge the common obligation, is separate and distinct from the original contract, and must be expressly conveyed to one who would derive any benefit from the assignment of this right.

3. As the petition as originally brought showed no right of action upon the part of the plaintiffs therein named, the court did not err in refusing the amendment, because Frederick R. Greer did not have any interest, equitable or otherwise, in the action, and the allowance of the amendment would have introduced a new party plaintiff. The introduction of Frederick R. Greer would not have connected the original plaintiffs with the cause of action, and "since such amendment is allowable for the designated purpose of enforcing the rights of such plaintiff, some showing should be made that some right of the original plaintiff is connected with the cause of action he desires to assert in the name of the nominal party to be substituted." *Atlantic Coast Line* v. *Hart Lumber Co.,* 2 *Ga. App.* 88 (58 S. E. 316). But the plaintiffs in error were not harmed by the failure of the judge to allow the amendment; for even if the amendment had been allowed, there would still have been a misjoinder of defendants,—a joint action against parties only severally liable, each for a specific sum.

*Judgment affirmed.*