### TRAIN *et al. v.* EMERSON.

Three of four sureties, who have paid the debt of their principal, may jointly sue their cosurety for contribution, founding their action upon the obligation containing the contract of suretyship, and will have the same time within which to bring suit as the creditor would have had on the same instrument.

DECEMBER 10, 1913.

Complaint. Before Judge Charlton. Chatham superior court. December 3, 1912.

*O'Byrne, Hartridge & Wright,* for plaintiffs.

*F. P. McIntire,* for defendant.

EVANS, P. J. Three of four sureties of an insolvent principal, who had paid the principal's debt, sued the other surety to recover, on the note which contained the contract of indebtedness, one fourth of the amount so paid. The suit was brought more than four years after the payment, and within six years of the maturity of the note; and the question is whether the action is barred. If the suit is good as one on the note, then the period of limitation is six years, and the sureties paying the note are not barred of their right to have contribution of their cosurety. On the other hand, if the plaintiffs' right to contribution can only be predicated on an implied promise of reimbursement, springing from the fact

of payment alone, the limitation period within which the action must be brought to enforce the liability is four years.

It is the doctrine of the civil law, and was the doctrine of the English courts of chancery in Lord Hardwick's day and at the time of the Revolution, that the surety is entitled, upon payment of the debt of his principal, not only to have full benefit and control of all securities which the creditor has taken to assure his debt, but also to be substituted, as to the very debt itself, to the creditor and to have it assigned to him. Ex parte Crisp, 1 Atk. 133; Morgan *v.* Seymour, 1 Ch. R. 64. Subsequently the English chancery courts, beginning with Capis *v.* Middleton, 1 Tur. & Russ. 224, while admitting the general doctrine that a surety paying his principal's debt is subrogated to every remedy which the creditor has, and to have an assignment of all securities in the hands of the creditor, yet denied him the right of substitution to the obligation on which he is surety, upon the technical idea that the obligation was extinguished by the payment. The divergence of the English courts was upon the effect of payment; in the earlier cases it was held that by payment the surety was entitled to be substituted, as to the very debt itself, to the creditor, by way of equitable assignment, while in the later cases it was held that payment extinguished the obligation. The whole subject was learnedly and elaborately discussed by Nisbet, J., in *Lumpkin* v. *Mills,* 4 *Ga.* 343; and this court in that case reached the conclusion that the principle which supports the right of substitution to the creditor's collaterals and remedies applies with equal force to the surety's right to have a transfer of the particular contract containing his obligation. The holding of the court was, that a surety who has paid the debt of his principal is entitled to occupy the place and be substituted for the creditor upon the original evidence of debt.

In *Hull* v. *Myers,* 90 *Ga.* 674 (16 S. E. 653), it was held that as a result of the code (Civil Code of 1910, §§ 3567, 3568) sureties who have paid more than their pro rata share of the debt may sue jointly a cosurety for contribution, founding their action upon the obligation containing the contract of suretyship, and will have the same time within which to bring suit as the creditor would have had on the same instrument. This holding is criticised as obiter dicta and beside the point for actual decision in the case. The authorities cited in the opinion sustain such an action in equity

with all the parties before the court; and whether the code sections serve to convert the right of substitution from an equitable to a legal right becomes quite immaterial since the enactment of our uniform procedure act, which permits the enforcement of equitable and legal rights in the same action in a court having jurisdiction to administer both. The right of action, and the limitation thereon as stated in the opinion, are supported both by authority and reason.

Some confusion may have arisen from the terminology used in *Sherling* v. *Long,* 122 *Ga.* 797 (50 S. E. 935), in describing a joint principal as a joint obligor. In that case two principals gave a note, and one paid it and sued the other for contribution. The writer of this opinion also wrote that, and endeavored to point out the distinction between a surety who proceeds against his cosurety for contribution, upon the footing of being substituted to the creditor's right and remedies, and that of a principal who sued his coprincipal for contribution. With this explanation there can be no confusion in our cases on this subject. See *Bigby* v. *Douglas,* 123 *Ga.* 635 (51 S. E. 606).

*Judgment reversed. All the Justices concur.*