## 7240.  ANDERSON v. ARMISTEAD.

1. A surety who has paid the debt of his principal is subrogated in law and in equity to the creditor's rights.
2. Joint obligors and joint promisors residing in different counties may be sued in the county of either; and the maker and the surety on a promissory note are joint and several promisors.
3. A creditor holding a promissory note may sue the maker and sureties thereon in the county of the residence of either, and a surety paying the note succeeds to this right, and may sue upon the note either in the county of the residence of the maker or in that of the residence of a co-surety, at his option, as he is subrogated in law and equity to all the rights of the creditor.

DECIDED July 6, 1916.

Complaint; from city court of Athens—Judge West. November 22, 1915.

*Green & Michael,* for plaintiff.

*H. C. Tuck, W. W. Armistead,* for defendant.

HODGES, J.  An action on a promissory note was brought by H. C. Anderson against M. M. Stephenson and W. A. Harris, as residents of Clarke county, and J. M. Armistead as a resident of Oglethorpe county, in the city court of Athens, Clarke county.  He alleged that Stephenson executed and delivered to S. B. Wilkins the note sued upon, and that it was indorsed by Anderson, Armistead, and Harris, as sureties of Stephenson.  The petition set forth that Wilkins, the original payee of the note, discounted it with the Georgia National Bank of Athens, and that it was not paid at its maturity; that after its maturity he paid the note as one of the sureties, and became subrogated to the rights of the bank as against Stephenson, Harris, and Armistead.  A demurrer was filed by Armistead, in which it was contended that if the plaintiff had any cause of action against the defendants, it was not a joint cause of action, but several, and therefore that the city court of Athens had no jurisdiction over the person of Armistead, the petition alleging that Armistead was a resident of Oglethorpe county.  The suit being in default as to Stephenson and Harris, the court rendered a judgment sustaining the general demurrer to the jurisdiction of the city court of Athens as to the defendant Armistead.

1.  Whatever may be the rule in England and other jurisdictions, it seems to be well settled in Georgia that a surety who has paid the debt of his principal is subrogated at law and in equity to

all the rights of the creditor (Civil Code, § 3567), and that he stands in loco of the creditor. This doctrine was recognized by the Supreme Court of the United States in Lidderdale *v.* Robinson, 12 Wheat. 594 (6 L. ed. 740). That case arose upon a statute of Virginia, but the court, in construing the rights of the surety, said: "That this, then, is the settled law of the State in which this contract and this cause originated can not be doubted. But we feel no inclination to place our decision upon that restricted ground, since we are well satisfied with its correctness on a general principle, and on authorities of great respectability in other States. We will, therefore, order it to be certified to the circuit court of Virginia district, that John Smith, executor of John Smith, deceased, is entitled to satisfaction from the assets of the estate of John Robinson, with the priority of a judgment creditor of the deceased." In this opinion Mr. Justice Johnson reviews the history of the law, and, while the opinion is not controlling upon this court, it is persuasive. "A surety who has paid the debt of his principal is, in a court of chancery, upon the equity which springs out of the relation of principal and surety, and the fact of payment, subrogated to all the rights of the creditor: and in the distribution of the assets of the principal is entitled to occupy the place and to be substituted for the creditor, upon the original evidence of the debt." *Lumpkin* v. *Mills,* 4 *Ga.* 343. This rule, so aptly stated in the case above cited, was recognized and applied by Chief Justice Bleckley in the case of *Hull* v. *Myers,* 90 *Ga.* 674 (16 S. E. 653). "He [the surety] is substituted in place of the creditor to all securities held by the latter for the payment of the debt. 'All securities' will include the identical security, the judgment, promissory note, bill, bond or other contractual instrument, upon which the surety and his cosureties are bound with and for the principal debtor. Though there is a conflict on the question, the better opinion is that the primary and original security, as well as all others, was embraced in the equitable right of subrogation as it existed prior to the code, irrespective of any statute." The learned Chief Justice, it will be observed, concurred in the proposition stated by Justice Johnson, that this right of subrogation existed irrespective of any statutory enactment.

2. "Suits against joint obligors, joint promisors, copartners, or joint trespassers, residing in different counties, may be tried in

either county." Civil Code, § 6541. The maker and the surety
on a promissory note are joint and several promisors. In the case
of *White* v. *Hart,* 35 *Ga.* 269, 271, it was said: "In holding that
Hart, the maker, could not be sued in Chattooga county, we ask,
why not? He and Davis are joint and several promisors, and the
note is to be treated as the joint and several note of them all. 'I
promise to pay' is the form of the promissory note. See Constitu-
tion, art. 4, sec. 2, par. 10-11. By these it will be seen that joint
promisors may be sued in either county where either of them re-
sides, and it is only in the case of a maker and indorser that the
Constitution requires that the suit must be brought in the county
where the maker resides." In *Lumpkin* v. *Callaway,* 101 *Ga.* 226
(28 S. E. 622), it was said: "A motion was made to dismiss the
plaintiff's petition for want of jurisdiction, because it appeared on
its face that Lumpkin, the principal, was not a resident of Baldwin
county, but was a resident of Bibb county. All of the sureties re-
sided in Baldwin county. There was no error in overruling this
motion." "The contract of suretyship is that whereby one obligates
himself to pay the debt of another, in consideration of indulgence,
etc., the principal remaining bound therefor. . . The principal
and surety to a promissory note are joint and several promisors,
and joint promisors may be sued in the county of the residence of
either." *Heard* v. *Tappan,* 116 *Ga.* 930, 933 (43 S. E. 375).

3. The right of a creditor to sue the maker and the sureties on
a promissory note in the county of the residence of either is an im-
portant right to the creditor, for to require a creditor to sue the
principal in a separate suit in the county of the residence of the
principal, and further to require him to sue the surety of the prin-
cipal in the county of the residence of the surety, would work a
hardship upon the creditor, and would also create a multiplicity
of suits, contrary to the policy of the law. If then, this right exists
for the benefit of the creditor, we rule that upon a surety paying
the debt of his principal and cosurety, he may bring his suit in the
county of the residence of the maker of the note sued upon, as he
is subrogated to all the rights of the creditor. Some confusion has
arisen in Georgia from a misconstruction and misinterpretation of
the decision in the case of *Sherling* v. *Long,* 122 *Ga.* 797 (50 S. E.
935), and this court, in the case of *Hall* v. *Harris, 6 Ga. App.* 822
(65 S. E. 1086), followed this misinterpretation, and the ruling in

*Hall* v. *Harris* will not be followed. The confusion that arose from this misconstruction was corrected by Evans, J., in the case of *Train* v. *Emerson,* 141 *Ga.* 95 (80 S. E. 554, 49 L. R. A. (N. S.) 950). In that case the court held, that a surety who has paid the debt of his principal is entitled to occupy the place and be substituted for the creditor upon the original evidence of debt, and "will have the same time within which to bring suit as the creditor would have had on the same instrument." The point was made that the surety's suit, being brought more than four years after his payment of the debt, was barred as a suit upon an open account, and the ruling was that it was a suit upon the original note and was not barred, for the period of limitation as to the creditor's note was six years, and the surety was subrogated to that right. In the opinion delivered by Justice Evans in *Train* v. *Emerson,* supra, the learned Justice took occasion to clear his meaning in the case of *Sherling* v. *Long,* supra, in the following language: "Some confusion may have arisen from the terminology used in *Sherling* v. *Long,* 122 *Ga.* 797 (50 S. E. 935), in describing a joint principal as a joint obligor. In that case two principals gave a note, and one paid it and sued the other for contribution. The writer of this opinion also wrote that, and endeavored to point out the distinction between a surety who proceeds against his cosurety for contribution, upon the footing of being substituted to the creditor's right and remedies, and that of a principal who sued his coprincipal for contribution. With this explanation there can be no confusion in our cases on this subject." It will be observed that in this last opinion the meaning of the decision in *Sherling* v. *Long* was thoroughly explained; and the explanation is in accord with the weight of authority. This question was considered in the case of *Bigby* v. *Douglas,* 123 *Ga.* 635 (51 S. E. 606), and the court ruled that "The surety entitled to contribution may sue his cosureties upon the written evidence of indebtedness (in which case the period of limitation would be that applicable to instruments of its class), or upon the implied contract raised by law in favor of one surety against his cosureties for contribution (in which instance the period of limitation would be that of an implied assumpsit)." Under these decisions, if a surety paying the debt of his principal is subrogated to his rights under the statute of limitations covering and controlling the creditor's contract, it must

follow that he is subrogated to the creditor's right to sue the maker and the cosureties in the county of the residence of either. Our conclusion is that the city court of Athens had jurisdiction of the suit against the maker, residing in Clarke county, and the cosurety residing in Clarke county, and a cosurety residing in Oglethorpe county, and that the court erred in dismissing the petition on general demurrer.　　　　　　　　　　　　*Judgment reversed.*