KEY et al. v. OATES et al. (No. 2584.)*

(Court of Civil Appeals of Texas. Amarillo. Jan. 20, 1926. Rehearing Denied Feb. 10, 1926.)

1. Appeal and error ⬫916(3)—Answers, though absent from record, presumed to contain allegations authorizing court's decision as to suretyship of parties.

In suit by surety on note for contribution, after action by holder in which certain questions as to suretyship of parties were adjudicated, where judgment recited that answers were filed by defendants, but record contained no copy of them, it was presumed that such answers contained appropriate allegations authorizing court's judgment in matter of suretyship of parties.

2. Judgment ⬫878(1)—Principal and surety ⬫200(1)—Surety, paying note, must sue in assumpsit, where judgment failed to adjudicate liability of various sureties.

Where, in action on note, judgment, which was paid by one surety, did not ascertain proportional liability of sureties, one, paying judgment, could not sue on it, though it had been transferred to him, since it was extinguished, but he could sue for contribution in assumpsit.

3. Principal and surety ⬫197 — Relationship, decided in action on note, could not be questioned in suit for contribution.

Where, in action on note, certain defendants were recognized as makers and others as sureties, though such relationship might well have been disputed under evidence introduced, and judgment became final, such relationship of parties could not be questioned in suit by surety for contribution.

4. Principal and surety ⬫200(2)—Cosureties need not contribute to amount paid by reason of interests of others than parties to suit.

In suit, by surety, for contribution, where others than parties to suit owned interests in note and received part of proceeds, defendants were not required to contribute to amount paid by reason of such interests, until plaintiff had exhausted right to recover from such other parties, or had alleged and proved their insolvency.

5. Principal and surety ⬫196, 200(9)—Solvent sureties contribute proportionately; judgment must provide for contribution from solvent makers of note.

In suit, by surety, on note for contribution against other sureties and makers, two of whom were insolvent, solvent defendants must contribute in proportion to amount they received to payment of portion of insolvent makers, but judgment must provide for contribution from makers who are solvent.

6. Principal and surety ⬫200(9)—Judgment must be several, not joint.

Judgment, in suit by surety, on note for contribution against makers and other sureties, must be several, not joint.

7. Principal and surety ⬫196—Contribution occasioned by payment of interests of others than parties to suit held proportionate to amount received by contributors.

In suit, by surety, for contribution, where others than parties to suit owned interests in note and received part of proceeds, and plaintiff had exhausted right of recovery against them, defendants would not contribute equally to amount paid by reason of such interests, but in proportion to amount received by each defendant from proceeds of note.

Appeal from District Court, Wilbarger County; Robert Cole, Judge.

Suit by J. T. Oates against J. D. Key and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

L. P. Bonner and Storey & Leak, all of Vernon, for appellants.

---

⬫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 31, 1926.

Berry, Stokes & Killough, of Vernon, for appellee Oates.

RANDOLPH, J. This suit was brought in the district court of Wilbarger county, Tex., by J. T. Oates, against O. P. Darsey, C. G. Wilie, W. P. Durbin, J. D. Key, E. L. Ballew, L. A. Huddleston, L. E. Key, R. M. Cato, and R. W. Walker. Defendants L. E. Key and O. P. Darsey having been discharged in bankruptcy, the trial court rendered judgment discharging them from this suit, and no question is raised as to the correctness of such judgment of discharge. On trial of the case judgment was rendered in favor of the plaintiff as against the other named defendants, and appeal therefrom has been taken to this court.

Appellants' first proposition is: The plaintiff herein who has discharged a judgment rendered against him and his cosureties, the defendants herein, wherein the issue of suretyship was not adjudicated, in a suit for contribution against his cosureties, is only entitled to a judgment severally against his cosureties for their respective pro rata share of the amount paid, and he is not entitled to a joint and several judgment against such cosureties.

Appellees reply to this proposition that, where a judgment is rendered in favor of the holder and against the makers and indorsers of a note, and said judgment adjudicates and determines the question of suretyship to the effect that some of the defendants are principals and others are sureties, and one of the sureties afterwards pays such judgment, he is entitled to the benefits of article 6333 et seq., Revised Civil Statutes. In such case the judgment is not discharged by such payment, but remains in force for the use of the surety paying same, and is considered assigned to him with the rights of the creditor thereunder, to the extent of the payment thereon by such surety, and interest.

The following brief statement will be made to assist in the proper understanding of the questions before us:

J. T. Oates and his cosurety defendants purchased an oil lease. They afterwards sold it to L. E. Key, O. P. Darsey, and C. G. Wilie for the sum of $12,420 and took in payment therefor the personal note of said purchasers for that amount. The note was made payable to J. D. Key, W. P. Durbin, and L. A. Huddleston. This note was sold by the owners to the Farmers' State Bank of Vernon, Tex., for a sum approximating $11,000. The money received from the sale of the note to the bank was divided among the owners of the lease in proportion to their interest in the lease. A considerable payment was made on the note, but, there being a large balance unpaid, the bank instituted suit in the district court of Wichita county, Tex., against E. L. Key, O. P. Darsey, C. G. Wilie, W. P. Durbin, J. D. Key, E. L. Ballew, J. T. Oates, L. A. Huddleston, R. M. Cato, and R. W. Walker. In its petition in such suit the bank alleged that the defendants L. E. Key, O. P. Darsey, and C. G. Wilie were the makers of the note and that the defendants W. P. Durbin, J. D. Key, E. L. Ballew, R. W. Walker, R. M. Cato, L. A. Huddleston, and J. T. Oates were sureties thereon. The defendants filed answers, which the trial court held "not to present meritorious defenses," and thereupon rendered judgment for the plaintiff for $7,182.73, principal, interest, and attorney fees, against L. E. Key, O. P. Darsey, and C. G. Wilie, jointly and severally, as principals, and against W. P. Durbin, J. D. Key, J. T. Oates, L. A. Huddleston, R. M. Cato, R. W. Walker, and E. L. Ballew, jointly and severally, as sureties, providing in said judgment that, if the money could not be made out of the principals, then that execution should issue against such sureties. In that case, the plaintiff's petition, after setting out the note sued on, alleged that said note was originally made payable to Durbin, Huddleston, and J. D. Key, who were holding same, as trustees, for themselves and for the other indorsers thereon, viz. Ballew, Oates, Cato, and Walker, and that such note was the property of all the indorsers thereon, and alleged a joint and several liability, and praying for judgment generally against all of the defendants.

[1] While the judgment in that case recites that answers were filed by the defendants, the record contains no copies of same. It will therefore be presumed that such answers contained appropriate allegations authorizing the trial court's judgment in the matter of the suretyship of the parties to the suit.

[2] In the judgment in the State Bank Case, while the court adjudges that certain of the parties are principals and certain are sureties, the judgment makes no attempt to pass upon the relative rights of the sureties as against sureties; hence, when appellee Oates paid off such judgment, the proportionate liability of such sureties, one to the other, was not ascertained or passed on judicially, consequently Oates was entitled to sue his cosureties for contribution. Oates' cause of action was not upon the judgment, notwithstanding the transfer of same to him by the bank, but in assumpsit for their proportional contribution of the amount paid out by him. The judgment was fully paid off and discharged. Tarlton v. Orr, 40 Tex. Civ. App. 410, 90 S. W. 534; National Bank v. Daugherty, 81 Tex. 301, 16 S. W. 1028; Faires v. Cockerell, 88 Tex. 428, 436, 31 S. W. 190, 28 L. R. A. 528; Huggins v. White, 7 Tex. Civ. App. 563, 27 S. W. 1066; Wiley v. Pinson, 23 Tex. 488; Holliman v. Rogers, 6 Tex. 97; Deleshaw v. Edelen, 31 Tex. Civ. App. 416, 72 S. W. 413.

Where a judgment fails to adjudicate the liability of the various sureties, although they may in fact be sureties, such suretyship is

of no avail, if one pays the judgment, and, as such judgment is extinguished, he is relegated to his suit in assumpsit. Polk v. Seale (Tex. Civ. App.) 144 S. W. 329.

We therefore hold that, Oates having paid off the judgment, such judgment was extinguished, but that he was entitled to bring his suit for contribution in assumpsit to recover the proportional amount due by such payment to him from each cosurety.

[3] The judgment in this case recognizes that L. E. Key, Darsey, and Wilie were the makers of the note, and therefore principals, and that the other obligors were sureties. Under the evidence introduced this relationship might well have been disputed, but, as the relationship of the parties was determined in the State Bank Case, and that judgment having become final, it cannot now be questioned. The question left for the determination of the trial court in this case is: What is the amount of the liability of each of his cosureties to Oates by reason of his payment of the judgment.

[4-6] In this case the trial court found that of the amount which the owners of the lease had received from the proceeds of the sale of the note to the bank the plaintiff, Oates, had received the sum of $491.40; that his cosureties had received the following amounts: Durbin, $5,350; J. D. Key, $982.80; Ballew, $491.40; Huddleston, $491.40; Cato, $491.40; and Walker, $491.40; and further finds that other parties not connected with this suit owned interests in the note and received from the proceeds thereof $1,080, and that of the amount paid by plaintiff on said judgment the sum of $770 was paid by him when he paid off the judgment, by reason of the interest held by said parties not connected with this suit, and who did not indorse said note, and that the plaintiff, J. T. Oates, and the defendants Durbin, Walker, J. D. Key, Cato, Huddleston, and Ballew, are each liable for one-seventh of said sum of $770, and that the liability of the said last-named parties is thereby increased by their liability on said $770 payment in the sum of $110 each. The court then finds the liability of the parties, his cosureties, to Oates on his payment of the judgment, based upon the proportion of the amount received by each from the proceeds of the sale of the note, to be: Walker, $382.-90, plus $110; Cato, $382.90, plus $110; Bal-lew, $382.90, plus $110; Huddleston, $382.90, plus $110; J. D. Key, $765.80, plus $110; and Durbin, $4,169.78, plus $110.

This part of the judgment is complained of by appellants, and we must sustain their objection to it. There are no pleadings to justify the trial court rendering judgment in favor of Oates and against his cosureties for payment made on behalf of the parties who were not parties to the suit. He had a right of action against them, and, until he had exhausted his right, or unless he had alleged and proved that such parties were insolvent, he was not entitled to recover on the fact that he had paid their part.

Several solvent obligors in a note are required as between themselves to contribute to the payment of the portion of an insolvent obligor in proportion to the amounts received by them, respectively, from the original loan. 13 C. J. pp. 825, 826; Greene v. Anderson, 102 Ky. 216, 43 S. W. 195; Twichell v. Askew (Tex. Civ. App.) 141 S. W. 1072.

Persons liable between themselves to contribute to those paying the note their equal part ratably distributed between the solvent makers, the judgment must provide for contribution from the solvent makers. Twichell v. Askew, supra; Faires v. Cockerill (Tex. Civ. App.) 29 S. W. 669. And such judgment must be several, not joint. Acers v. Curtis, 68 Tex. 423, 4 S. W. 551.

[7] There was no judicial ascertainment of any fact, based upon pleadings, that would entitle Oates to a recovery of six-sevenths of the amount paid for parties who were not parties to the suit, but who had received their part of the proceeds of the sale of the note. Oates could not determine this matter for himself. He must show that such parties were insolvent and that his suit against them would be ineffectual. Again, it would not be proper to divide the amount he had paid for such parties by the number of sureties, but the amount due him from each of them would be recoverable as in the first instance, in proportion to the amount received by each party from the proceeds of the note.

Our discussion of the foregoing question also disposes of most of the other propositions advanced by appellants, and, except as herein stated, all propositions are overruled.

For the errors indicated, judgment of the trial court is reversed and remanded.