LORIMER v. JULIUS KNACK COAL CO.

1. CONTRIBUTION—FOUNDED ON PRINCIPLES OF EQUITY—APPLICA-
TION.

Contribution is founded on principles of equity and natural
justice, and is applied in those cases' where one or more of
several parties equally obligated have done more than their
share in performing a common obligation, so that one who has
paid more than his share of the joint obligation may recover
contribution from his co-contractors.

2. SAME—PROPORTIONATE SHARE ONLY RECOVERABLE.

One seeking contribution should be allowed to recover only the
proportionate share from each of the joint obligors from
whom contribution may be had.

3. SAME.

Where, of approximately 50 co-obligors jointly and severally
liable, three were sued and judgment taken, one of the three,
who satisfied the judgment, could not recover one-half thereof
from one of the other judgment debtors, but was limited to the
proportionate amount for which all were jointly and severally
liable on the original indebtedness.

4. SAME—JUDGMENT AGAINST CO-OBLIGORS AT DIFFERENT DATES
PERMISSIBLE.

Where, in an action against three co-obligors jointly and sever-
ally liable, judgment for the full amount was taken against
two of the defendants, a like judgment against the other
defendant, which was taken at a later date, is permissible
under 3 Comp. Laws 1915, § 12803, and therefore in applying
the doctrine of contribution the judgment must be taken as
against three rather than two.

5. SAME—JUDGMENT AGAINST PART OF CO-OBLIGORS DOES NOT RE-
LIEVE BALANCE FROM PAYING THEIR SHARE OF DEBT.

That those to whom an obligation was due saw fit to take judg-
ment against only part instead of all who were liable, did not
relieve those not sued from their duty to pay their share of
the debt.

6. SAME—INSOLVENT CO-OBLIGORS EXCLUDED IN DETERMINING PRO-
PORTION OF CONTRIBUTION.

> In determining the proportion of contribution due from co-
> obligors to one who has paid the debt by satisfying a judg-
> ment therefor, those of the obligors who are insolvent are
> excluded.

Error to Wayne; Merriam (De Witt H.), J. Sub-
mitted January 9, 1929. (Docket No. 43, Calendar
No. 34,091.) Decided March 29, 1929.

Assumpsit by Andrew Lorimer and George D.
Lorimer, copartners as John D. Lorimer Sons,
against Julius Knack Coal Company, a Michigan
corporation, for contribution of one-half of a judg-
ment and costs paid by plaintiffs, for which defend-
ants are alleged to be jointly liable. Judgment for
plaintiffs. Defendant brings error. Reversed, and
new trial ordered.

*Behr & Coolidge,* for appellant.

*Francis L. Sward,* for appellees.

NORTH, C. J. The Detroit Coal Exchange was a
voluntary unincorporated association composed of
approximately 50 retail coal dealers. From 1914 to
1917, the law firm of Beaumont, Smith & Harris ren-
dered certain professional services to the associa-
tion and incurred certain expenses for which suit
was brought by this firm of attorneys against the
association and the various members composing it.
Both the plaintiffs and the defendant herein and a
large number of other members of the associa-
tion were served with process, among them C. F.
Sweeney, who was doing business as the C. F.
Sweeney Coal Company. Following the entry of
default for nonappearance, judgment for $4,332.50

was taken against the Lorimers and the Julius Knack Coal Company on December 19, 1917, and against C. F. Sweeney for the same amount on January 30, 1918. As to the other defendants on whom service of process was obtained, the suit was discontinued by stipulation. After an appeal to this court (*Lorimer* v. *Wayne Circuit Judge,* 216 Mich. 587), execution issued against the plaintiffs here, and also against Julius Knack Coal Company. Having no other recourse, the judgment was satisfied by the Lorimers in the amount of $5,369.46 on January 11, 1923. Thereafter this suit was brought by the plaintiffs to recover from the defendant one-half of the amount paid in satisfaction of the judgment. Trial was had before the court without a jury, a judgment rendered in favor of the plaintiffs for one-half of the amount they had paid to satisfy the former judgment, which with interest accrued to June 11, 1928, amounted to $3,411.86. The defendant reviews by writ of error and the record presents the following questions:

1. When several persons assume a joint and several liability, and subsequently judgment is entered on such liability against less than all of them, which judgment is satisfied in full by one of the judgment debtors, is his right to contribution based upon the original assumption of liability or upon the judgment?

2. If the right to contribution is based upon the judgment (and not on the antecedent joint and several contractual liability) should it be between the plaintiffs and the defendant only and based upon the judgment taken against them on December 19, 1917; or should contribution be enforced on the basis of there being three judgment creditors, thereby including C. F. Sweeney, against whom judgment was taken in the same suit for the same amount and aris-

ing out of the same obligation but on a subsequent date, to wit, January 30, 1918?

It has often been stated by the courts that contribution is founded on principles of equity and natural justice. The doctrine rests on the principle that when parties stand *in aequali jure,* the law requires equality, which is equity, and one of the parties will not be obliged to bear more than his just share of a common burden or obligation to the advantage of his co-obligors. 13 C. J. p. 821. It is applied in those cases where one or more of several parties equally obligated have done more than their share in performing a common obligation. "And one who has paid more than his share of the joint obligation may recover contribution from his co-contractors." *Comstock* v. *Potter,* 191 Mich. 629, 637. But to work out an equitable result, the one seeking contribution should be allowed to recover only the proportionate share from each of the joint obligors from whom contribution can be had. There was error in the trial of this case in that the plaintiffs were allowed to recover one-half of the total amount they had paid out from the defendant who was only one of approximately 50 co-obligors, each of whom was jointly and severally liable on the original indebtedness. Evidently this was done on the theory that the plaintiffs and the defendant were joint judgment debtors and contribution should be between these two only. The injustice that resulted to the defendant is obvious. It was compelled to bear one-half of the total burden instead of its proportionate share as between itself and the other original obligors. This is not at all in accord with the principle of equity and equality that underlies the doctrine of contribution. Even on the basis of judgment debtors, there were three of them, including.

C. F. Sweeney. His obligation to pay was exactly the same as that of the plaintiffs and of the defendant. The fact that the two judgments were not entered on the same date is of no consequence. Our practice permits doing so. See 3 Comp. Laws 1915, § 12803. Payment of one of these judgments would have satisfied the other. But beyond this, there were also all of the other parties who were originally bound by the contractual obligation. Their duty to share equally with the plaintiffs the burden of paying the debt for which each and all were liable was not removed by the mere fact that those to whom the obligation was due saw fit to take judgment against only three instead of against all who were liable.

"The fact that the one from whom contribution is sought was voluntarily dismissed from the action by the obligee is no defense." 6 R. C. L. p. 1044; *Dole* v. *Warren,* 32 Me. 94 (52 Am. Dec. 640).

"No discharge by the creditor of one obligor which does not discharge all can impair the right to contribution." 6 R. C. L. p. 1047.

"The fact that judgment was taken against only one of several persons jointly liable does not affect the right of contribution." 13 C. J. p. 827; *Hoxie* v. *Farmers', etc., Bank,* 20 Tex. Civ. App. 462 (49 S. W. 637).

"The principle of contribution is equality in bearing a common burden; and this equality may depend upon the circumstances and relations of the parties anterior to the judgment." 6 R. C. L. p. 1047.

At the time plaintiffs brought this suit for contribution, the right existed against each of the original obligors. Plaintiffs had the right to recover from each of them his proportionate share and no more. 13 C. J. p. 825.

"If a co-obligor who has paid off a joint debt could proceed against the remaining co-obligors and obtain a single judgment against all of them jointly, one of them might be compelled to pay the entire amount, and then he would have to proceed anew against the remaining co-obligors, and thus a multiplicity of suits would be encouraged, rather than prevented." *Hall* v. *Harris,* 6 Ga. App. 822 (65 S. E. 1086); 13 C. J. p. 836.

It is well settled that, in determining the proportion of contribution, those of the obligors who are insolvent are excluded. As to the remainder of the obligors who are *in aequali jure,* each is liable for the payment of his just proportion of the obligation. The amount for which the defendant was found liable in this case was fixed by a wrong method and was excessive. The judgment is reversed, and a new trial ordered.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.