43780. TODD v. WINDSOR et al.

Argued July 1, 1968—Decided November 19, 1968—
Rehearing denied December 6, 1968—

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet
J. Bondurant,* for appellant.

*Robert B. Harris, Harmon & Thackston, G. W. Thackston,
Jr., Troutman, Sams, Schroder & Lockerman, Robert L. Pen-
nington, Glyndon C. Pruitt, John C. Hunter,* for appellees.

EBERHARDT, Judge. The sole question for decision is whether
a surety paying the total amount of his defaulting principal's
obligation may sue his six co-sureties for a joint and several
judgment for six-sevenths of the amount of the judgment ob-
tained by the plaintiff surety against the defaulting principal
but returned *nulla bona.* The question arises by virtue of the
fact that plaintiff surety brought his suit against his co-sureties
in two counts, the first seeking a joint and several judgment
against his co-sureties for six-sevenths of the amount of the
judgment, while the second count seeks a several judgment
against each co-surety for one-seventh of the amount of the
judgment,[1] both counts alleging that by virtue of his payment
plaintiff took an assignment of the principal's note and became
subrogated to the creditor's rights against the co-sureties on the
note and suretyship agreement. The trial court granted mo-
tions to dismiss Count 1 made by two of the defendants and
simultaneously denied plaintiff's motion for summary judgment
as to the relief prayed in Count 1, based solely on the ground
that Count 1 failed to state a cause of action for a joint and

---

[1] Subject to the prayer that the share of any defendant shown
to be insolvent be borne equally by the solvent sureties as pro-
vided by *Code* § 103-401.

several judgment. This order was certified for review pursuant to *Code Ann.* § 81A-156 (h).

The appeal is without merit. We do not question that plaintiff, after payment of the principal's debt, was subrogated to the rights and remedies of the creditor and entitled to found his action for contribution directly on the original evidences of indebtedness. *Code* § 103-501; *Hull v. Myers,* 90 Ga. 674 (16 SE 653); *Bigby v. Douglas,* 123 Ga. 635 (51 SE 606); *Train v. Emerson,* 141 Ga. 95 (80 SE 554, 49 LRA (NS) 950); *Anderson v. Armistead,* 18 Ga. App. 387 (89 SE 525); *Reed v. Liberty Nat. Bank &c. Co.,* 44 Ga. App. 544 (2) (162 SE 154). It does not follow, however, that plaintiff is entitled to enforce these obligations against his co-sureties in exactly the same manner and in the same amounts as could the creditor. The surety is bound by the substantive rules of contribution while the creditor is not. As the above cases indicate it is not some independent right but the *right to contribution* which is there being enforced (see *Code* §§ 37-303; 103-401), and it is suit on the original evidence of indebtedness by way of subrogation to the creditor's *remedy* which is allowed merely as a *form of action in aid of the right to contribution.* See also 50 AmJur 1099, Suretyship, § 297 and 18 AmJur2d 110, Contribution, § 76 et seq. as to the right of a paying surety or other obligor to the aid of the creditor's remedies in enforcing contribution. So far as we know there is no authority for the proposition that a surety or other co-obligor, however he may found his action for contribution, may obtain a joint and several judgment against his several co-sureties for the aggregate amount due him.[2] Since the substantive right and liability being enforced is that of contribution between co-obligors, each is liable only for an equal proportionate share of the debt. *Higdon v. Bell,* 25 Ga. App. 54 (4) (102 SE 546); *Jones v. Lewis,* 87

---

[2]While plaintiff only paid out $16,848.05 on the principal's obligation, he obtained judgment against the principal for $22,379.47, consisting of principal, interest, attorney's fees and costs. The judgment rather than the amount paid out is made the basis for calculating the recovery in each count, an issue not now before us.

Ga. 446, 448 (13 SE 578); 72 CJS 809, 823, Principal and Surety, §§ 346, 369; 50 AmJur, 1087, Suretyship, § 277; 18 AmJur2d 33, Contribution, § 19. This liability of each to contribute his proportionate share is several and not joint (Hoyt v. Tuthill, 33 Hun 196 (NY); Aikin v. Peay, 36 SCL (5 Strob) 15; 18 AmJur2d 9, Contribution, § 3), and a joint obligor who has paid the joint obligation is entitled to judgment against each of his co-obligors only for the proportion for which each is liable—judgment should not be entered against ony one of them or against all of them jointly for the aggregate amount due from them. Annot., 64 ALR 215; Lorimer v. Julius Knack Coal Co., 246 Mich 214 (224 NW 362); Powell v. Matthis, 26 N.C. 59 (40 AD 427); Aikin v. Peay, supra; Appleford v. Snake River Min. Mill. & Smelting Co., 122 Wash 11 (210 P 26); 18 AmJur2d 149, Contribution, § 113; 50 AmJur 1105, Suretyship, § 308.

As stated in Acers v. Curtis, 68 Tex. 423 (4 SW 551), holding that one of four co-sureties who had paid the entire debt was not entitled to recover the whole three-fourths thereof from the other three sureties in a joint judgment against them: "The injustice of such a judgment is apparent from the fact that the whole of it could be made out of one defendant, and in case of the insolvency of the others, this defendant would be forced to pay three times the amount the plaintiff was entitled to recover of him. The rule in equity in case of such insolvency is, that the solvent sureties bear equally the burden of payment. [Accord: *Code* § 103-401]. This rule, as well as that which requires all the sureties, when solvent, to share equally in the payment, is violated by the present judgment."

And as stated in *Hall v. Harris,* 6 Ga. App. 822, 826 (65 SE 1086): "If a co-obligor who has paid off a joint debt could proceed against the remaining co-obligors and obtain a single judgment against all of them jointly, one of them might be compelled to pay the entire amount, and then he would have to proceed anew against the remaining co-obligors, and thus a multiplicity of suits would be encouraged, rather than pre-

vented.[3]  Furthermore, in a case such as that now before us, if of four joint obligors one was insolvent, and was so known to be to him who discharged the original obligation, and a recovery could be had against all four of those from whom he was entitled to contribution jointly, it might result in the original payee having to pay only one-fifth of the whole amount, and yet three of his co-obligors who were solvent might finally be held liable for four-fifths of the entire original obligation, by reason of the insolvency of one of the joint obligors."

Thus in the case at bar (pretermitting the recoverability of interest, attorney's fees, and costs), if only one of the six defendant co-sureties is solvent and a joint and several judgment is allowed against them all, the solvent co-surety would be compelled to pay six-sevenths of the total amount while plaintiff co-surety here would have paid only one-seventh, in violation of *Code* § 103-401 providing that the deficiency in the share of an insolvent co-surety must be borne equally by the solvent sureties.  Contrary to plaintiff's contentions, *Code* §§ 103-501 and 103-502 have never been construed to allow such a result, and we will not be the first to so hold.[4]  It is obvious that *Train v. Emerson*, 141 Ga. 95, supra; *Bigby v.*

---

[3]*Hall v. Harris* encouraged a multiplicity of suits on another score, however, by requiring separate suits against each co-obligor.  This is no longer the law.  *Anderson v. Armistead*, 18 Ga. App. 387, 389.  While *Hall v. Harris* is no longer viable, the quoted observations remain pertinent.

[4]We note from the Code of 1933 that the provisions for contribution and for equalizing, among the solvent sureties, the deficiency in the share of an insolvent co-surety, are found in Ch. 103-4, entitled "Rights of Sureties *Among Themselves*," whereas *Code Ch.* 103-5, relied upon here by plaintiff for a joint and several judgment against his co-sureties, is entitled "Rights of Sureties as to *Third Persons*."  (Emphasis supplied).  *Code* § 103-501 reads in its entirety: "A surety who has paid the debt of his principal shall be subrogated, both at law and in equity, to all the rights of the creditor, and, in a controversy with other creditors, shall rank in dignity the same as the creditor whose claim he paid."

*Douglas,* 123 Ga. 635, supra; and *Hull v. Myers,* 90 Ga. 674, supra, relied upon so heavily for the proposition that suing on the original obligation is somehow something different from enforcing the right of contribution, were, in fact, cases dealing with the enforcement of the right to contribution rather than some other undefined right. While certain *procedural* advantages may be obtained by suing on the original evidence of indebtedness, such as those pertaining to venue (see *Anderson v. Armistead,* 18 Ga. App. 387, supra) or the statute of limitations (see *Train v. Emerson,* 141 Ga. 95, supra), we know of no authority which allows a co-surety to convert his action for contribution into something else merely by founding his action on the original evidence of indebtedness. It is still a suit to enforce contribution from co-sureties, and plaintff is bound by the *substantive* rules pertaining to contribution.

Accordingly, the judgment must be

*Affirmed. Felton, C. J., and Whitman, J., concur.*