GEORGE H. SMITH, JACOB WISNER, and others *vs.* STATE OF MARYLAND, use of THE COUNTY COMMISSIONERS OF BALTIMORE COUNTY.

*Principal and Surety—Motion to quash an execution on a judgment against sureties upon the ground of the release of a co-surety.*

Any valid contract or agreement between the creditor and the principal; or between the creditor and a surety without the concurrence of co-sureties, whereby the latter are subjected to an increased risk, operates as a discharge of such sureties.

The release of one or more sureties without the assent of the co-sureties will operate *at law* to discharge the latter.

In equity, however, the rule is different, and the release of one or more sureties will not be construed to have this effect, unless it subjects the co-sureties to an increased risk or liability.

As between themselves the sureties are liable only for their proportion of the debt, and the right of contribution does not exist unless they have paid an amount exceeding this proportion.

A judgment was recovered against several sureties and the executrix of P. a deceased surety. The rateable proportion due by each defendant in the judgment was afterwards ascertained, and the amount due by P. was paid, and the judgment entered satisfied as against his executrix. Execution having been issued on the judgment as against the other sureties, on a motion to quash the execution, it was HELD :

1st. That the payment of P's proportion of the judgment, and the subsequent entry of satisfaction as against his executrix, could not in any manner affect the rights of the co-sureties, or subject them to an increased liability.

2nd. That the effect of such entry, so far as they were concerned was to release them from the payment of P's proportion of the judgment, and, should any of the co-sureties prove insolvent, to release the others from the payment of P's proportion of the loss arising from such insolvency.

3rd. That in summary motions of this kind Courts always exercise a *quasi* equitable jurisdiction, and will not therefore order an execution to be quashed if it appear, and upon a consideration of all the facts and circumstances of the case it would be against well settled principles of equity.

APPEAL from the Circuit Court for Baltimore County.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*Wm. S. Keech* for the appellants.

*L. P. D. Newman* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is a motion to quash an execution issued on a judgment recovered by the appellee against the appellants and Mary Payne, executrix of B. N. Payne, sureties on the bond of Nelson Cooper, one of the tax collectors of Baltimore County.

At the request of one of the heirs-at-law of Payne a statement was made, showing the ratable proportion due by each defendant in the judgment, and, upon the payment of Payne's proportion as thus ascertained, the appellee directed the clerk to enter the judgment satisfied as against his executrix.

The appellants contend that, being co-sureties, the entry of satisfaction as against the executrix of Payne discharges them from all liability on account of said judgment.

Now, it is true that any valid contract or agreement between the creditor and the principal, or between the creditor and a surety, without the concurrence of co-sureties, whereby the latter are subjected to an increased risk, operates as a discharge of such sureties. And hence the

release by a creditor of the principal, releases also the surety, because the latter is entitled, upon the payment of the debt, to be subrogated to all the rights and remedies of the creditor, and the creditor cannot, by his own act, prejudice or in any manner impair these rights without forfeiting his remedy against the surety.

It seems also to be well settled that the release of one or more sureties without the assent of the co-sureties will operate *at law* to discharge the latter, because it is a cardinal principle of suretyship that the surety has the right to stand by the very terms of the contract, and the creditor will not be permitted to change or alter the contract without concurrence of all the parties to it.

In equity, however, the rule is different, and the release of one or more sureties will not be construed to have this effect, unless it subjects the co-sureties to an increased risk or liability.

Accordingly, it has been held that where the creditor releases one surety, reserving his remedy against the others, the effect of such release operates only to discharge the co-sureties from the ratable proportion which the surety thus released ought to have contributed, and such further proportion as he ought to have borne arising from the insolvency of any of the other sureties.

It is difficult to imagine on what principle it can be maintained in equity, that the mere release of one surety discharges the other sureties from liability.

As between themselves, the sureties are liable only for their proportion of the debt, and the right of contribution does not exist unless they have paid an amount exceeding this proportion.

If, then, the release of one surety discharges the others from the payment of the proportion of the debt, which such surety ought to have contributed, and discharges them also from the proportion which he ought to bear in the loss arising from the insolvency of any of the other

sureties, it is clear that such release can in no manner prejudice or subject the co-sureties to an increased risk. It follows then from what we have said, that the payment of Payne's proportion of the judgment, and the subsequent entry of satisfaction as against his executors, could not in any manner affect the rights of the co-sureties, or subject them to an increased liability. The effect of that entry so far as they are concerned, is to release them from the payment of Payne's proportion of the judgment, and should any of the co-sureties prove insolvent, to release them from the payment of Payne's proportion of the loss arising from such insolvency.

In summary motions of this kind, Courts always exercise a *quasi* equitable jurisdiction, and will not therefore order an execution to be quashed if it appears upon a consideration of all the facts and circumstances of the case it would be against well settled principles of equity.

For these reasons, the motion to quash the execution, and strike out the judgment, were properly overruled.

*Judgment affirmed.*

(Decided 13th June, 1877.)