A. J. SHEELER ᴇᴛ ᴀʟ. *v.* CHARLES T. HOLT ᴇᴛ ᴀʟ.
[No. 9, October Term, 1931.]

368

Decided December 2nd, 1931.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, and SLOAN, JJ.

*George Eckhardt, Jr.,* for the appellant.

*J. Marsh Matthews* and *Brodnax Cameron,* for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appellees, indorsers who paid a note of a corporation, have obtained a decree in equity for contribution by the remaining solvent and resident indorser, Sheeler; and Sheeler has appealed, urging several objections to the decree.

The note was one of Akehurst & Sons, Inc., payable to the National Union Bank of Baltimore City, and the parties to this proceeding were all stockholders of Akehurst & Sons, Inc., and some of them directors. For additional security a mortgage was assigned to the bank, but upon foreclosure it failed to realize anything for payment on the note. The

note was dishonored and protested for nonpayment, and thereupon Robert J. Gill, one of the indorsers, upon demand made by the bank, paid the full amount due, and C. V. Matthews and William A. Gillespie, who are now joined as complainants, paid to Gill, or to his satisfaction secured to be paid to him, one-third each of the whole amount paid out by Gill. Suits at law were first entered against the several other indorsers, four in all, and entered in the name of Charles T. Holt, an employee of Gill's to whom the note was indorsed for the purpose. In one of the suits at law, against George J. Goldsborough, judgment was entered in default of plea filed, and it is averred in the present bill, and is found by the lower court to have been admitted, that Goldsborough was insolvent. A suit against William E. Maloney was dismissed, he having died, and in a suit against Charles T. Le Viness the defendant was never found for service of summons. The suit against A. J. Sheeler was tried up to the point of instructions to the jury, and then, upon a ruling by the court that Holt was not the proper party plaintiff, a judgment of *non pros.* was entered upon the election of the plaintiff. Thereupon the present suit in equity was entered, the defendant Sheeler demurred to the bill of complaint, and after the overruling of the demurrer filed an answer. Testimony was taken, and the court entered a decree requiring contribution by Sheeler of one-fourth of the amount originally paid by Gill, with interest, and requiring that Holt enter on the judgment at law against Goldsborough a credit of four-fifths, and cause the remaining one-fifth to be entered to the use of Gill, Matthews, Gillespie, and Sheeler. The equity suit was then dismissed as against the executors of Maloney, who had fully distributed the estate in their hands.

It is not disputed that the indorsement was joint, and that a right to contribution would ordinarily result to any one or more indorsers paying the whole amount due. *Pomeroy, Equity Jurisprudence,* sec. 1418; *Smith v. State,* 46 Md. 617. And no defense is made on the merits of the complainant's demand. The defenses which were made will be passed on in their order.

1. It is objected that the bill failed to show any interest in Holt as a party complainant. He is the formal holder of the note, and it would seem necessary to a correct settlement of the rights of the parties that he be joined and bound by the decree. And if it were improper to join him, his joinder would not prejudice or harm the appellant. And it would not deprive the complainants of whatever relief they might be entitled to receive if Holt were not joined. General Equity Rule 31. *Trustees of Eutaw St. M. E. Church v. Asbury Sunday-School Soc.,* 109 Md. 670, 681, 72 A. 199.

2. The bill, it is contended, fails to show clearly the interest of Matthews and Gillespie necessary to sustain a demand by them, jointly with Gill, for the contribution by Sheeler. But that would seem to be an objection which only Gill would be interested to make. If he, having originally paid the whole amount due on the note, concedes, as he does in the bill, that Matthews and Gillespie by their arrangement with him have become entitled to one-third of the reimbursement, the only one to be affected has removed all possibility of objection in this suit. Nothing more nor less than the proper amount to be paid in contribution would be required of Sheeler by the joinder of Matthews and Gillespie.

3. Objection is made that the appellees, or at least Gill, with his present bill comes into court without clean hands, because in the prosecution of the suits at law he put forward Holt, a mere agent of the holders, as the holder of the note for value. If there should be any impropriety in that action, it would not affect the application now before the court. The objection is to a past and closed proceeding, and any decree which the court of equity might now make would not further or countenance the supposed impropriety in it. *Aged Women's & Aged Men's Homes v. Marley,* 156 Md. 478, 482, 144 A. 521.

4. The complainants are charged with laches in bringing this suit. The note indorsed was dated May 1st, 1922, the corporation became insolvent in 1926, and Gill paid the amount due in December of the same year, 1926. Partial payments

of principal and payments of interest had meanwhile kept the liability to the bank on the note free from defense on the statute of limitations. Gill's right to contribution was consummated on his payment made in December, 1926 (*Zollickoffer v. Seth,* 44 Md. 359, 378), and the present bill in equity was filed on May 29th, 1929, two and a half years after the accrual of the liability of the joint indorsers for contribution. During that period of two and a half years, that is to say, in January of 1928, or thirteen months after the accrual of the liability of the joint indorsers, the suits at law had been instituted, and they had been disposed of less than a year later, in December of 1928. No prejudice to the appellant from delay has been shown; and, in fact, there has been no unusual delay in pressing the claim for contribution in one court and the other. Whether in a particular case there has been laches depends upon the circumstances in that case, and we find no circumstances, either of the lapse of time or injury to the appellant, to support the defense on that ground here. *Safe Deposit & Trust Co. v. Coyle,* 133 Md. 343, 350, 105 A. 308; *Hammersley v. Bell,* 134 Md. 172, 180, 106 A. 339; *Kaliopulus v. Lumm,* 155 Md. 30, 38, 39, 141 A. 440.

5. The existence of a remedy at law available to one or more joint indorsers who have paid a note against the other indorsers, on an implied promise to reimburse them, and the fact that Gill and his fellow complainants had previously elected to proceed at law, are urged as bars to the prosecution of the suit in equity. There is no objection that the remedies in the two jurisdictions are alternative and inconsistent, so that there might be an element of estoppel in the adoption of one. There has been no change of legal position or theory. The objection is only that the complainants sought and abandoned their remedy at law before seeking a like remedy in equity. But there is no binding election merely in a previous seeking and abandonment of a similar remedy. *Swartz v. City & Suburban Realty Co.,* 106 Md. 290, 296, 67 A. 283; *Rasst v. Morris,* 133 Md. 187, 190, 104 A. 412. The complainants would not, of course, be permitted to obtain two

judgments or decrees for the same money liability, but the suit against Sheeler was not prosecuted to a judgment at law. If the two proceedings had existed at the same time, Sheeler might have required the complainants to elect between the two, and relieve him of the double vexation which furnishes the objection to the mere maintenance of similar suits in two jurisdictions. *Bradford v. Williams,* 2 Md. Ch. 1. But the suit at law had been disposed of by a judgment of *non pros.* before the suit in equity was entered. The principle that equity will not relieve when there is an adequate remedy at law does not apply in this instance, for there is concurrent jurisdiction in both tribunals for the remedy of contribution by joint obligors. *Pomeroy, Equity Jurisprudence,* sec. 278; *Young v. Lyons,* 8 Gill, 162, 165; *Zollickoffer v. Seth,* 44 Md. 359.

It is contended that the obtaining of a judgment at law against Goldsborough, one of the joint indorsers, and therefore one who should contribute, necessarily confined the complainants to their election of the remedy at law because they finally pursued an essential part of the whole remedy of joint or equal contribution in that jurisdiction. But, however correct that reasoning might be, if there was a possibility of recovery from Goldsborough on the judgment, it would seem to be without force when it is admitted that Goldsborough is insolvent, and so not a party to be looked to for a share in the contribution. This was admitted at the taking of testimony below, we find. The court's expedient of causing one-fifth of the judgment to be entered to the use of Gill, Matthews, Gillespie and Sheeler equally, seems to us the best solution of the problem arising from that judgment.

6. A group of objections are made to the decree on the ground that the allegations in the bill of complaint, and the proof, fail to support its findings or assumptions of fact. It is objected that there is no evidence in the case of insolvency of the Maloney estate, which is a fact assumed in requiring a contribution of one-fourth of the whole amount from Sheeler. It was testified that Maloney was dead and all the assets of his estate had been distributed before suit, and because of

this fact his executors could not be sued for contribution. *Von Lingen v. Field,* 154 Md. 638, 648, 141 A. 390, 927. But there is no mention of the solvency or insolvency of the estate; and there is no mention of the possibility of possession of the decedent's assets by distributees who are solvent and within the jurisdiction, yet such distributees would be equally liable to contribution in the suit. *Colonial Trust Co. v. Fidelity & Deposit Co.,* 144 Md. 117, 123 A. 187; *Von Lingen v. Field,* 154 Md. 638, 648, 141 A. 390, 927; *Zollickhoffer v. Seth, supra.* This court seems never to have had before it the problem presented by absence from the jurisdiction of some of those liable for contribution, but concludes that those who are within the jurisdiction, and who can therefore be made liable to a money decree *in personam* together in the equity suit, should be made in such a suit to equalize the loss among themselves by contribution, and jointly sustain the burden and hazard of efforts to recover outside the jurisdiction from persons accessible there. If this course were not permitted, then the obligor or obligors paying the whole debt would be denied the benefits of a suit in equity for contribution, and be forced to resort to separate proceedings against the separate individuals; and the unfairness and injustice in that consequence are apparent. Disregard of persons outside the jurisdiction is the course generally adopted. *Brandt, Suretyship and Guaranty* (3d Ed.), sec. 314; *Trego v. Cunningham's Estate,* 267 Ill. 367, 108 N. E. 350; *Security Ins. Co. v. St. Paul Fire & Marine Ins. Co.,* 50 Conn. 233.

At the conclusion of the taking of testimony counsel for the complainants, responding to a question by the court, said that his case was closed unless the court wanted further proof from Mr. Maloney's estate; but other remarks seem to have indicated that the reference was to the fact that the estate had been fully distributed. The reason for omission to pursue the distributees for their shares should be made to appear, or they should be pursued along with Sheeler, and as the objection on this ground has been made, the case will have to be remanded for any proof or admission that may be requisite.

It is denied that the insolvency of Goldsborough has been established, but, as has been stated, we find it established. The fact was not testified to, but at the conclusion of the taking of testimony, when counsel for the complainants stated that he believed the state of Mr. Goldsborough's finances was admitted, the court replied that it was admitted, and there was no contradiction by the defendant's counsel. It may have been admitted in an opening statement or other statement not set out in the record, but, however it may have been done, we cannot now, in view of the absence of any question below, contradict the statement of the court that the admission was made in some manner.

A further objection is made to the omission of the corporation as the party primarily liable for reimbursement of the complainants. The testimony showed that the note was dishonored and protested for nonpayment by the maker, the corporation, and that the corporation was placed in the hands of receivers in 1926. And the taking of testimony seems to have proceeded upon the assumption that only the indorsers remained as a source of payment. It is not directly stated that the corporation was insolvent, however, and while it seems from the facts given in evidence highly probable that it was, solvency may still be possible for all we can say from an examination of the record. An opportunity to establish the fact will be given upon a further hearing in the court below.

The decree is found correct upon the assumption of insolvency of the corporation and insolvency of any distributees of the Maloney estate, or their absence from the jurisdiction, and consequent inability of the complainants to join them in this proceeding. But in view of the arguments based on lack of full proof of these facts, the case will be remanded for the purpose of securing the testimony needed.

> *Case remanded, without affirmance or reversal, for further proceedings in accordance with this opinion; parties on each side to pay their own costs.*