Argued April 7, affirmed as modified May 24, petition for
rehearing denied by opinion, original opinion
modified September 21, 1972

MANSFIELD, *Respondent and Cross-Appellant, v.*
McREARY ET UX, *Appellants.*

497 P2d 654
501 P2d 69

*Allen L. Fallgren,* Portland, argued the cause and filed briefs for appellants.

*Justin N. Reinhardt,* Portland, argued the cause for respondent and cross-appellant.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

HOLMAN, J.

This is an action by a guarantor against her co-guarantors to enforce contribution. All defendants defaulted except the defendants Mr. and Mrs. Mc-Reary. The trial court entered judgment against the McRearys, who appealed, contending they should not have been required to contribute. The plaintiff cross-appealed, contesting the manner in which the judgment was fashioned and arguing that the amount the McRearys were required to contribute was inadequate.

The defendants Denton, Staben, Nicholas, A. G. Mansfield, and Ronald McReary were stockholders and officers of a newly formed corporation, Intra-Jet Engineering Co. (Intra-Jet), which engaged in engineering and construction. The corporation borrowed money from the First National Bank of Oregon to finance construction contracts. As a condition of granting or extending loans, the bank required the stockholders to guarantee in varying amounts any advancements made to the corporation by the bank. The plaintiff signed a guaranty agreement with her husband, the defendant A. G. Mansfield, in the sum of $60,000, and the defendant Jane McReary signed one in like amount with her husband, the defendant Ronald McReary. The defendant Nicholas signed one in the

sum of $50,000. Denton and Staben signed separate guaranties of $30,000 each. During most of the active life of the corporation, McReary was president and Mansfield was one of the corporation's principal investors and money-raisers.

The corporation became insolvent and the bank made a demand for payment under the various guaranties. The defendant A. G. Mansfield paid one of Intra-Jet's loans from the bank in the sum of $4,115.11 and assigned his rights against the other defendants to the plaintiff, his wife. Plaintiff paid the balance of the money owing the bank by Intra-Jet in the sum of $49,836.80, and then initiated this lawsuit for contribution.

██ Although these parties were liable on different guaranties in different penal sums, they are each other's coguarantors since they each guaranteed the loans made to the corporation by the bank.[1] As a general rule, when a guarantor pays more than his proportionate share of the common obligation, he is entitled to contribution from his coguarantors.[2]

█ The McRearys defended, contending that their signatures on the guaranty were obtained as the result of an implied understanding with A. G. Mansfield that he would bear any financial loss which thereby resulted to them. After reading the transcript, we agree with the trial judge that there is no convincing evidence of any such implied agreement. Therefore, whether this alleged agreement, if satisfactorily proven, would have been a defense to contribution on that portion of the debt which was paid by plaintiff, and not by A. G.

---

[1] Arant, Suretyship 337, § 75 (1931).

[2] Id. at 335.

Mansfield, we need not decide. As no other defense was raised, the trial court properly entered judgment for contribution against the McRearys.

■ The plaintiff's cross-appeal raises questions relating to the nature of the judgment against the Mc-Rearys and the amount of contribution required to be paid by them. The trial court did not include in the amount of the loss upon which defendants' proportionate contribution to plaintiff was based the $4,115.11 note paid by Mr. Mansfield, who assigned his right to contribution to plaintiff. Originally, payment of a different note was alleged in the complaint. However, the trial court allowed the complaint to be amended to rectify the error. This court is at a loss to understand why that amount should have been excluded since a surety's right to contribution may be assigned to a cosurety for the purpose of suit or action. *Lindblom v. Johnston*, 92 Wash 171, 158 P 972, 975 (1916).

■ Plaintiff makes two further contentions, if we correctly understand her position. First, because the bank could have ultimately collected the full sum of the McRearys' $60,000 guaranty from *either* of them, she argues that their proportionate responsibility for contribution should be as if *each* owed that amount, or, both owed a total of $120,000. This contention is not well taken. We hold that the McRearys should not be required to pay a greater proportion of the contribution than the proportion their combined guaranty of $60,000 bore to the total of all guaranties. The following language is found in Restatement of the Law of Security § 154, comment *g*. at 435:

"Where there are different groups of sureties, each group is considered as a unit in determining

the amount of contribution. Thus if four sureties are bound to a creditor for a principal's duty for $6000, and two are bound for $4000 on the same duty, the first group should bear three-fifths of the loss and the second two-fifths. Assuming that all sureties are available and solvent and that each obligation is entirely satisfied, the contributive shares of each surety in the first group is $1500, and $2000 in the second group. If the total loss is $5000, those in the first group must pay $3000, and those in the second group $2000. The individual shares in the first group are $750 each and $1000 each in the second * * *."

■ Second, plaintiff contends that the court erred because it entered a separate judgment for contribution against each of the McRearys, as if each had an obligation to the bank of $30,000, instead of a judgment for contribution *against both* based on the obligation of both for $60,000. While it is clear that the combined liability of the McRearys should be 60/230ths of the loss paid by plaintiff and her assignor, the question is whether a judgment for contribution should be entered against both based upon this proportion, or a separate judgment against each for one-half of their combined liability.

It is our belief that the trial court was correct in entering a separate judgment against each. If the rule were otherwise, a co-obligor, who alone was compelled to satisfy a judgment representing the whole proportionate part of the debt owed by his group, would have to proceed anew against the remaining members of his group for contribution, thus bringing on a multiplicity of cases. This reasoning is set forth in *Todd v. Windsor,* 118 Ga App 805, 165 SE2d 438, 440 (1968) ; *Hall v. Harris,* 6 Ga App 822, 65 SE 1086 (1909) ; and *Lorimer*

*v. Julius Knack Coal Co.*, 246 Mich 214, 224 NW 362, 64 ALR 210 (1929). In those cases, the co-obligors all became obligated separately and the co-obligor who paid the debt unsuccessfully attempted to get a judgment for the entire contribution either from only one of numerous co-obligors or against several of them jointly. The reasoning of those cases would be equally applicable to the present situation in which plaintiff seeks a joint judgment against two co-obligors who together signed a separate guaranty. Judicial economy requires that the entire matter be disposed of in one proceeding. If a judgment representing the proportionate contribution owing on the McRearys' guaranty were entered against both and was satisfied by one of them, there might not be much likelihood of a separate proceeding for contribution between them. Nevertheless, such a proceeding is possible and entirely probable in situations in which the relationship of husband and wife does not exist.

In addition, if the joint judgment was collected against one of the co-obligors and, for some reason, one or more of the other co-obligors was unable to respond for his share, the one against whom the judgment had been collected would have paid more than his share. *See Todd v. Windsor, supra.*

We have found only two cases which are exactly in point and they reach opposite results. Neither case gives any reason for the manner in which judgment was entered against the members of the groups of co-obligors who were sued for contribution. In *United States Fidelity & Guarantee Co. v. Naylor*, 237 F 314 (8th Cir 1916), the court entered a judgment against all members of the group for the full amount of contribution owed by the group. In *Phillips v. Pedarre,*

156 La 509, 100 So 699 (1924), the court entered individual judgments against each member of the group for his individual proportionate share of the group's proportionate share of the obligation. We believe *Phillips v. Pedarre* reaches the better result of the two.

Next, plaintiff contends she was entitled to attorney fees and the actual cost of collection. There are neither allegations nor proof which would substantiate such claims.

Finally, plaintiff contends that Denton, who was adjudicated a bankrupt, and Nicholas, who was outside the court's jurisdiction, should not be considered when determining the proportionate share to be paid by each coguarantor in contribution. The rule in equity is that contribution is apportioned among all available solvent cosureties. In an action at law, contribution is apportioned among all cosureties without regard to their solvency or availability within the jurisdiction. *See* Restatement of the Law of Security § 154, comment *h.* at 436. Apparently, this proceeding was brought as an action at law, although it was tried by the court without a jury. At least, plaintiff gave no indication in her complaint that she sought equitable relief, and the trial judge, therefore, must have treated it as an action at law. He denied plaintiff's request that the loss be apportioned among only the solvent and available cosureties. Under the circumstances, we will treat the case in the same manner.

By the inclusion of the amount of the note of $4,115.11 in the total upon which defendants' liability for proportionate contribution is based, the judgment of the trial court is modified from a separate judgment against each of the McRearys in the sum of $6,500.45 to a separate judgment against each of them in the

sum of $7,037.20,[8] together with interest at six per cent on $536.75 thereof from December 18, 1968, and on the balance of $6,500.45 from March 5, 1969.[9]

---

[8]

| | |
|---|---:|
| Paid by plaintiff | $ 49,836.80 |
| Paid by A. G. Mansfield | 4,115.11 |
| **Total** | **$ 53,951.91** |
| Guaranty of Denton | $ 30,000.00 |
| Guaranty of Staben | 30,000.00 |
| Guaranty of Nicholas | 50,000.00 |
| Guaranty of Mr. and Mrs. McReary | 60,000.00 |
| Guaranty of plaintiff and A. G. Mansfield | 60,000.00 |
| **Total** | **$230,000.00** |

Contribution on McReary guaranty:

$$\frac{60}{230} \times \$53,951.91 = \$ 14,074.40$$

Share of each of the McRearys = one-half or $ 7,037.20

[9] The note for $4,115.11 was paid by A. G. Mansfield on December 18, 1968, and the balance owing the bank of $49,836.80 was paid by plaintiff on March 5, 1969. The right to contribution comes into existence upon the payment of the common debt.

Justin N. Reinhardt and Morton A. Winkel, Portland, for the petition.

HOLMAN, J.

Plaintiff filed a petition for rehearing, contending the court was mistaken in concluding that plaintiff's complaint is one at law and not in equity. It is regrettable that we still have a practice in which this can make a difference. The writer of the original opinion carelessly relied upon an abbreviated abstract of plaintiff's complaint, and erroneously concluded that the complaint was one at law.

As pointed out in the original opinion, in equity, contribution from co-guarantors is computed by excluding from consideration those co-guarantors who are insolvent or outside the court's jurisdiction. Plaintiff contends that, of the co-guarantors, Nicholas was outside the court's jurisdiction and Denton was insolvent, and that they should be excluded when the McReary's proportionate contribution to plaintiff is computed.

The evidence unequivocally showed that Nicholas was absent from the jurisdiction, as he was residing in Montana and therefore not amenable to the court's jurisdiction. Therefore, we were in error in not excluding Nicholas when we computed the amount of the proportionate contribution to which plaintiff was entitled.

There was insufficient proof, however, that Denton was insolvent. There was proof that he had been adjudicated a bankrupt, but there was no proof that he was ever discharged from the debt in question. Adjudication as a bankrupt is not dependent upon insolvency. 1 Remington on Bankruptcy § 60, at 115 (5th ed 1950). There being no other proof of insolvency, we believe the proof to be inadequate.

With the exclusion of Nicholas from consideration, the compilation should have been as follows:

| | | |
|---|---|---|
| Paid by plaintiff | | $ 49,836.80 |
| Paid by A. G. Mansfield | | 4,115.11 |
| | Total | $ 53,951.91 |
| Guaranty of Denton | | $ 30,000.00 |
| Guaranty of Staben | | 30,000.00 |
| Guaranty of Mr. and Mrs. McReary | | 60,000.00 |
| Guaranty of Mr. and Mrs. Mansfield | | 60,000.00 |
| | Total | $180,000.00 |

Contribution on McRearys' guaranty

$$\frac{60}{180} \times \$53,951.91 \qquad\qquad \$ 17,983.97$$

Share of each of the McRearys = one half or $ 8,991.99

The prior opinion of the court is modified to reflect a judgment against each of the McRearys in the sum of $8,991.99.

The petition for rehearing is denied.