501 P.2d 69 (1972)
Margaret MANSFIELD, Respondent and Cross-Appellant,
v.
Ronald McReary, Jane McReary, Appellants, A.W. Denton, Melvin Staben, John R. Nicholas, A.G. Mansfield, and Intra-Jet Engineering Co., an Oregon corporation, Defendants.
Supreme Court of Oregon, In Banc.
Petition For Rehearing filed June 12, 1972.
Decided September 21, 1972.
*70 Justin N. Reinhardt, and Morton A. Winkel, Portland, for the petition.
Upon Respondent's Petition For Rehearing filed June 12, 1972.
HOLMAN, Justice.
Plaintiff filed a petition for rehearing, contending the court was mistaken in concluding that plaintiff's complaint is one at law and not in equity. It is regrettable that we still have a practice in which this can make a difference. The writer of the original opinion, Or., 497 P.2d 654, carelessly relied upon an abbreviated abstract of plaintiff's complaint, and erroneously concluded that the complaint was one at law.
As pointed out in the original opinion, in equity, contribution from co-guarantors is computed by excluding from consideration those co-guarantors who are insolvent or outside the court's jurisdiction. Plaintiff contends that, of the co-guarantors, Nicholas was outside the court's jurisdiction and Denton was insolvent, and that they should be excluded when the McRearys' proportionate contribution to plaintiff is computed.
The evidence unequivocally showed that Nicholas was absent from the jurisdiction, as he was residing in Montana and therefore not amenable to the court's jurisdiction. Therefore, we were in error in not excluding Nicholas when we computed the amount of the proportionate contribution to which plaintiff was entitled.
There was insufficient proof, however, that Denton was insolvent. There was proof that he had been adjudicated a bankrupt, but there was no proof that he was ever discharged from the debt in question. Adjudication as a bankrupt is not dependent upon insolvency. 1 Remington on Bankruptcy § 60, at 115 (5th ed 1950). There being no other proof of insolvency, we believe the proof to be inadequate.
With the exclusion of Nicholas from consideration, the compilation should have been as follows:

 Paid by plaintiff $ 49,836.80
 Paid by A.G. Mansfield 4,115.11
 ___________
 Total $ 53,951.91
 Guaranty of Denton $ 30,000.00
 Guaranty of Staben 30,000.00
 Guaranty of Mr. and Mrs. McReary 60,000.00
 Guaranty of Mr. and Mrs. Mansfield 60,000.00
 ___________
 Total $180,000.00
 Contribution on McRearys' guaranty
 60
 ___ X $53,951.91 $ 17,983.97
 180
 Share of each of the McRearys = one half or $ 8,991.99

*71 The prior opinion of the court is modified to reflect a judgment against each of the McRearys in the sum of $8,991.99.
The petition for rehearing is denied.