BENJAMIN B. WEITZ *v.* EDWARD G. MARRAM ET UX.

[No. 246, September Term, 1976.]

*Decided December 7, 1976.*

The cause was argued before MORTON, MENCHINE and MASON, JJ.

*Edward S. Horowitz* for appellant.

*Eliot Siskind* and *Basil E. Moore, Jr.,* for appellees.

MENCHINE, J., delivered the opinion of the Court.

This is an appeal by Benjamin B. Weitz (Weitz or appellant) from a judgment in his favor in the amount of $1571.43 against Edward G. Marram (Marram or appellee).

The law action had been initiated by appellant in the Circuit Court for Prince George's County by way of a declaration and confession of judgment under which judgment by confession in the amount of $60,000.00 had been entered against Edward G. Marram, Beverly S. Marram, Robert V. MacKenzie and Jennie MacKenzie. The trial court, purporting to act under Maryland Rule 645, had vacated the judgment by confession with leave to all defendants to file pleadings and to contest liability on the merits. An earlier appeal by Weitz contested vacation of that judgment as to the defendants, Robert V. MacKenzie and Jennie MacKenzie, upon the ground that the motion by those two defendants to vacate the judgment against them had not been filed within the time limited by Rule 645, but judgment had become enrolled and was beyond the trial court's power to strike. The Court of Appeals in *Weitz v. MacKenzie,* 273 Md. 628, 331 A. 2d 291 (1975), sustained Weitz's prior appeal and restored finality to the $60,000.00 judgment as to the MacKenzies.

Vacation of the initial judgment for $60,000.00 against Edward G. Marram and Beverly S. Marram was not an issue in *Weitz v. MacKenzie, supra,* and is not here.

After voluntary dismissal with prejudice as to Beverly S. Marram, the case came to bench trial on the merits in the Circuit Court for Prince George's County as to Marram only. The trial judge gave judgment in favor of Weitz against Marram for $1571.43, the result of his holding that Weitz in spite of the fact that he had paid $60,000.00 to American

National Bank of Maryland and had received the promissory note of a principal debtor and an assignment of a guaranty agreement to the Bank, was entitled only to proportional contribution from Marram. The trial judge said: ". . . the plaintiff paid $60,000.00, one seventh of which is $8571.43; since it is stipulated that the defendant has already remitted $7000.00 to the plaintiff, judgment will be less this amount." The trial judge rejected Weitz's claim of entitlement to counsel fees.

Weitz has appealed to this Court. Marram did not appeal.

Weitz's principal contention is that he acquired, as assignee of American National Bank of Maryland, all rights possessed by the latter under a guaranty agreement and thus was entitled to recover judgment against Marram as fully as could the Bank.

Weitz alternatively contends that, "If this Court holds appellant is entitled to contribution only, appellant is entitled to contribution based on the number of co-guarantors within the jurisdiction who are not insolvent."

### The Principal Contention

Weitz, claiming as an assignee of a guaranty agreement running to American National Bank of Maryland, contends that he acquired all rights possessed by the latter,[1] uninfluenced by the circumstance that he was one of seven guarantors who executed the assigned guaranty.[2]

The undisputed facts are these:

On October 2, 1972, Benjamin B. Weitz (appellant) and

---

1. The right here asserted by Weitz is claimed under paragraph 8 of the guaranty agreement that reads as follows:

"8. This Guaranty shall inure to the benefit of the Bank, its successors, assigns, endorsees and any Person or Persons, including any banking institution or institutions, to whom the Bank may grant any interest in the Principal Debtor's Liabilities to Bank or any of them, and shall be binding upon the Undersigned's executors, administrators, successors, assigns and other legal representatives."

2. Weitz does acknowledge that Marram would be entitled to a credit for "appellant's proportional share as co-guarantor and less the $7,000.00 already paid by appellee." Brief of appellant, p. 19.

others had executed a guaranty agreement [3] running to American National Bank of Maryland, in the amount of $60,000.00. In parts here pertinent the guaranty agreement provided:

"2. In order to induce Bank to make a loan or loans, or renewal or extension thereof, to [Pets and Things, Inc.], the undersigned hereby unconditionally guarantees to the Bank . . . the prompt payment when due, of [Pets and Things, Inc.] Liabilities to Bank. . . .

3. The amount of the Undersigned's liability hereunder shall be Sixty Thousand and no/100, $60,000.00.

7. . . . The Liability of [Pets and Things, Inc.] and each of the Undersigned shall be joint and several."

On October 4, 1972, Pets and Things, Inc. by two of its officers, Weitz and Marram, executed a promissory note to American National Bank for $60,000.00, payable ninety days after that date.

On July 2, 1973, after Weitz had paid $5,000.00 on account of the principal of the prior note, Pets and Things, Inc. by two of its officers, Weitz and Marram, executed a new promissory note to American National Bank for $55,000.00, payable ninety-one days after that date. It is conceded that the second note was in renewal or extension of the first and that the liability created thereby is subject to the legal operation and effect of the guaranty agreement. The bankruptcy of Pets and Things, Inc. is conceded. Weitz subsequently paid the second note and received an assignment of the guaranty agreement.

The two counts of the declaration and confession of

**3.** The guaranty agreement bore signatures purporting to be those of the following persons: Joel Kline, Edward P. Marram, Beverly S. Marram, Benjamin B. Weitz, Myrna Weitz, Robert V. MacKenzie and Jennie MacKenzie.

judgment as instituted by Weitz may be summarized as follows:

> Count I claimed "money payable by the [four] [4] Defendants to the Plaintiff for money loaned Defendants by American National Bank of Maryland at the request of the [four] Defendants as evidenced by a promissory note [5] and guarantee which has been endorsed and assigned to the Plaintiff."
>
> Count II alleged in substance that the note of July 2, 1973, had been executed by Pets and Things, Inc., that the four defendants "among others, executed a guarantee in favor of American National Bank of Maryland whereby they unconditionally, and jointly and severally guaranteed the repayment of the indebtedness evidenced by the note dated July 2, 1973"; that the guarantors authorized confession of judgment against them, including 15% attorney's fee in the event suit was filed; that Weitz on January 7, 1974, purchased the promissory note for $60,000.00 and thereby became the assignee and holder of the July 2, 1973, promissory note; and claimed "the full amount due by said guarantors under the terms of said guaranty" plus all costs and expenses including attorney's fees.

---

4. No explanation appears in the declaration for the failure to include as parties defendants the other individuals purporting to have executed the guaranty agreement, namely, Myrna Weitz (wife of appellant) and Joel Kline. Weitz, himself, of course, acknowledges that he executed the guaranty agreement.

5. On appeal, Weitz disclaims reliance upon his status as holder of the note, stating at page 6 of his Brief:

> "In the pleadings and argument, appellant emphasized that his cause of action was based on the assignment to him of the rights of the creditor under the contract of guaranty. Appellant did not rely on his status as a holder of the $60,000.00 note. The note was merely evidence of a debt covered by the contract of guaranty, and the assignment of that note to appellant was evidence of his full payment to discharge his obligation as a guarantor. Appellant therefore claimed that he was entitled to collect from appellee the full amount of the obligation under the contract of guaranty, inasmuch as he had acquired all of the rights of the creditor."

The trial judge, giving judgment for Weitz against Marram for $1571.43, did so because Weitz "has failed to act in good faith as required under Section 1-203 of the Commercial Law Article." We agree with the result reached below but for a different reason than that assigned by the trial judge.

We have pointed out *supra* that Weitz disclaims any right of recovery based upon his status as a holder of the promissory note of Pets and Things, Inc. to American National Bank of Maryland. (See footnote 3, *supra*.)

His contention on appeal is that as assignee of the guaranty agreement he acquired, by the specific provisions of that document's paragraph 8, (see footnote 1, *supra*) ". . . all of the rights of his assignor in the contract of guaranty." From that premise he argues that, "One of those rights acquired by assignment was the right to joint and several liability of the parties to the contract. By the terms of the contract, appellant could proceed against any one or more of the guarantors for the entire amount due."

This contention wholly ignores a basic tenet of guaranty law. The Restatement of Security, § 141 at 383 (1941), in part here pertinent says:

"Where the duty of the principal to the creditor is fully satisfied, the surety to the extent that he has contributed to this satisfaction is subrogated

\* \* \*

(d) to the rights of the creditor against co-sureties and to the creditor's interest in security held by them, *but in such case the cosurety's personal liability is limited to the amount which will satisfy his duty to contribute his share of the principal's default.* (Emphasis added.)

In comment upon clause (d), *supra,* it was said at 390-91:

"i. The surety who satisfies the principals' duty may be subrogated to the creditor's rights not only

against the principal but to the creditor's right against cosureties and to the creditor's interest in security held by cosureties. In the enforcement of the creditor's right the surety's recovery is limited to the cosurety's contributive share."

In 18 C.J.S. *Contribution* § 6 b (1939), it is said:

"Each coöbligor is liable to contribute in proportion to his share of the common debt or obligation, and, in the absence of a showing of insolvency of other coöbligors, may not ordinarily be held to greater liability. Thus, a joint debtor cannot be compelled wholly to reimburse another who has paid the joint debt, *unless as between themselves the latter is surety.*" (Emphasis added.)

In *Hooper v. Hooper*, 81 Md. 155, 31 A. 508 (1895), it was said at 169 [510]:

"Whilst the undertaking of a guarantor technically differs from that of a surety (*Kramph v. Hats*, 52 Pa. St. 525), still the contract of guaranty is the obligation of a surety. *Davis v. Wells, Fargo & Co.*, 104 U. S. 159. Both are accessory contracts; that of a surety is in some sense conditional; that of a guarantor is strictly so."

We hold, accordingly, that the undisputed relationship between Weitz and Marram as co-guarantors with five others, operates as a matter of law to restrict the right of Weitz to the recovery of no more than Marram's contributory share of the obligation owed by Pets and Things, Inc. to American National Bank. In the absence of evidence to the contrary,[6] that contributory share is one-seventh of $60,000.00 or $8571.43, the sum found by the trial judge. The trial judge correctly allowed, as a credit

---

6. The record shows neither allegation nor proof that any of the signatory guarantors were insolvent or without the jurisdiction of the court. Nor was there any evidence that Marram was a surety as to Weitz.

upon that contributory share, the sum of $7000.00 paid by Marram to Weitz prior to trial.

### The Alternative Contention

Appellant alternatively requests this Court to remand the cause for the establishment of "contribution based on the number of co-guarantors within the jurisdiction who are not insolvent."

We have previously pointed out that such an issue was not the subject of allegation or proof in the lower court. The issue not having been raised or decided below, it is not before us. Maryland Rule 1085.

We express no opinion as to the right of appellant to relitigate at law or in equity, the issue we decline to consider in this appeal. See Maryland Rule 515; compare: *Mansfield v. McReary*, 497 P. 2d 654 (Oregon 1972), with *Mansfield v. McReary*, 501 P. 2d 69 (Oregon 1972). *See also Jackson v. Cupples*, 239 Md. 637, 640-41, 212 A. 2d 273, 275 (1965); *Sheeler v. Holt*, 161 Md. 366, 372-73, 157 A. 195, 197 (1931).

### Claim for Attorney's Fees

Paragraph 6 of the guaranty agreement in pertinent part had provided:

> "6. In addition to all other liability of the Undersigned hereunder ... the Undersigned also agrees to pay to the Bank on demand all costs and expenses which may be incurred in the enforcement of the Principal Debtor's Liabilities to Bank or the liability of the Undersigned hereunder. Such expenses shall include all counsel fees incurred by Bank before the filing of any suit to enforce this Guaranty, and in the event of suit shall include an additional 15% of Principal Debtor's Liabilities to Bank then remaining unpaid. . . ."

This language makes it plain that the provision has no

application to counsel fees in an action between co-guarantors. The trial court properly rejected appellant's claim for counsel fees.

*Judgment affirmed.*
*Costs to be paid by appellant.*