**George LAVENDER, Nelson Lively, and Larry Coburn, Appellants,**

**v.**

**Melvin Lynn BUNCH, Jr., Appellee.**

**No. 06–06–00074–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 24, 2007.

Decided March 6, 2007.

Rehearing Overruled March 27, 2007.

Jack W. Gooding, Gooding Law Firm, Texarkana, for Appellants.

Lisa B. Shoalmire, Ross & Shoalmire, LLP, and Jason R. Patomson, Texarkana, for Appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

George Lavender, Nelson Lively, and Larry Coburn (collectively Lavender) appeal from the grant of a partial summary judgment rendered against them in favor of Melvin Bunch, Jr. (Bunch), and the denial of their motion for summary judgment against Bunch.

Lavender, Lively, Coburn, and Bunch founded Site Constructors, Inc., a Texas corporation, with the intention of doing business as a corporate entity. The corporation negotiated a loan with Hibernia National Bank for the sum of $80,000.00 in the form of a promissory note, which was secured by separate guaranty agreements signed by all four of the founders and further secured by the pledge of a certificate of deposit in the sum of $100,000.00 which was owned individually by Bunch. The promissory note bore interest at a rate equal to the *Wall Street Journal* prime rate, adjusted monthly.

Bunch purchased the note and lien from Hibernia Bank, released the certificate of deposit to himself, and brought suit against Lavender on their guaranty agreements for the full amount of the promissory note with accrued interest. Bunch's petition also sought to recover for loans he urged that he had made to Site Constructors, Inc., and which he alleged that Lavender had orally agreed to guarantee.

Lavender responded with various claims regarding the operation of the corporation by Bunch, alleging misappropriation of its assets, mismanagement, the statute of frauds (a lack of written consent to be bound to the debt of another), and other incidental claims. Additionally, Lavender claimed that Bunch, as the assignee of the note and lien from Hibernia Bank, attained no more privileges than Hibernia had held; that when Bunch had received the $100,000.00 certificate of deposit, he had the obligation to apply it to the debt and, in so doing, had satisfied the outstanding debt in its entirety. They also alternatively maintained that Bunch, who was one of the four guarantors of the loan, was responsible for at least twenty-five percent of the debt and could not recover the

entire loan amount for which the guaranties were given.

Neither Bunch nor Lavender made any effort to include Site Constructors, Inc., as a party.

The parties filed dueling traditional motions for summary judgment. In their motion, Lavender reiterated that the act of taking possession of the certificate of deposit by Bunch amounted to accord and satisfaction and pressed the unenforceability of the oral guarantees and indemnifications for debts of the corporation. Bunch's motion maintained that, as the holder of the note and under the terms of the guaranty agreements signed by Lavender, Bunch had the ability to (1) release to himself the certificate of deposit held as security for the promissory note and (2) to seek recovery only as against such select guarantors as he chose for the full amount of the debt without jeopardizing his claim against any other guarantor. He also sought recovery of debts in the sums of $20,000.00 and $7,169.24 owed him by Site Constructors, Inc., which he maintained had been orally guaranteed by Lavender.

At the hearing on the competing motions for summary judgment, counsel for Lavender orally withdrew the claim against Bunch for misappropriation of the assets of Site Constructors, Inc., acknowledging that this claim would be one which could be pursued by that corporation but not by the shareholders.

The trial court denied the summary judgment relief requested by Lavender and granted Bunch's motion for partial summary judgment, awarding recovery of the full $84,997.19 requested by Bunch (apparently, the original $80,000.00 note, plus accrued interest), plus attorney's fees, costs of court, and postjudgment interest.[1]

Lavender appealed, complaining that the trial court erred by failing to find that the action of Bunch in acquiring the $100,000.00 certificate of deposit amounted to accord and satisfaction of the outstanding indebtedness and, alternatively, by failing to find that Bunch could only pursue his coguarantors for their proportionate share of the indebtedness.

**Standard of Review**

In reviewing a trial court's grant of summary judgment, we apply the following standards: 1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; 2) in deciding whether a disputed material fact issue exists, we accept as true the evidence favorable to the nonmovant; and 3) we indulge every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and his entitlement to judgment as a matter of law. TEX.R. CIV. P. 166a(c). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979). All theories in support of or in opposition to a

---

1. The final judgment called for postjudgment interest on both the debt and attorney's fees to be calculated at the rate of ten percent per annum, substantially different from and greater than that prescribed by Section 304.002 of the Texas Finance Code. *See* TEX. FIN.CODE ANN. § 304.002 (Vernon 2006). However, no point of error was raised concerning this issue and we do not address it.

motion for summary judgment must be presented in writing to the trial court. *See* Tex.R. Civ. P. 166a(c). We will reverse the summary judgment and remand the cause for a trial on the merits if the summary judgment was improperly granted. *See Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828–29 (Tex.1970). The standard for reviewing motions filed under Rule 166a of the Texas Rules of Civil Procedure "is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law." *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). When both parties move for summary judgment and one motion is granted and the other is overruled, all questions presented to the trial court may be presented for consideration on ˙appeal, including whether the losing party's motion should have been overruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988) (orig. proceeding); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958).

### Nature of Guarantees

If an instrument is issued for value given for the benefit of a party to the instrument ("accommodated party") and another party to the instrument ("accommodation party") signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party "for accommodation." Tex. Bus. & Com.Code Ann. § 3.116 (Vernon Supp. 2006). In the circumstances of this case, Lavender, Lively, Coburn, and Bunch were all accommodation parties to the note given by the accommodated party, Site Constructors, Inc., and each was jointly and severally liable for its payment.

■ Counsel for Lavender repeatedly emphasized at the hearing that Bunch was bringing action against the guarantors, not the corporation which was the maker of the promissory note. The nature of the instruments given by all of the four persons were absolute guaranties; when an absolute guaranty is given, the nature of the guaranty is one that the payment (as opposed to the collection) of the note is guaranteed. A guarantor of payment is primarily liable and waives any requirement that the holder of the note take action against the maker as a condition precedent to his liability on the guaranty. *Hopkins v. First Nat'l Bank at Brownsville,* 551 S.W.2d 343, 345 (Tex.1977) (per curiam). The lender may bring an action against the guarantor of payment without joining the principal debtor. *Ferguson v. McCarrell,* 582 S.W.2d 539, 541–42 (Tex. Civ.App.-Austin), *writ ref'd n.r.e.,* 588 S.W.2d 895 (Tex.1979) (per curiam). Under the terms of the guaranty agreements given by each of the four men to Hibernia, the holder could proceed against the corporation, all of the four guarantors, or any one or more of the guarantors without the joinder of the others. Also under the terms of that guaranty agreement, the holder of the note and lien had the ability to proceed against the security or not; that was its choice.

### Position of Assignee of Obligation as to Collateral

■ An assignee of a promissory note stands in the shoes of the assignor and obtains the rights, title, and interest that the assignor had at the time of the assignment. *Thweatt v. Jackson,* 838 S.W.2d 725, 727 (Tex.App.-Austin 1992), *aff'd,* 883 S.W.2d 171 (Tex.1994). Therefore, when Bunch acquired the note from Hibernia, he stepped into the shoes of Hibernia, having the same rights which Hibernia possessed.

## Release of Security by Holder

■ Among those rights which were granted under the guaranty agreements to the holder of the note and lien was the right to "release any security, with or without substitution of new collateral." This was precisely what Bunch did. He released the certificate of deposit which was the security for the note; there is no evidence that he actually foreclosed the security interest with which the certificate of deposit was impressed and did not, therefore, need to follow the dictates of the law in the procedure to be followed in effecting foreclosure.

■ The guaranty agreements signed by the parties permitted the holder of the note to release the security of the note without jeopardizing the holder's claim against the guarantors. Under such an agreement, the release of a secured item does nothing to require application of the proceeds of the security to the underlying debt; accordingly, the release of the $100,000.00 certificate of deposit to the owner of it did not constitute accord and satisfaction of the debt secured by it.

## Release of Liability by Holder/Co–Guarantor

■ Bunch, in his capacity as the holder of the promissory note, also attempted to release himself from liability as a guarantor of the note. We determine that he could not use this means to unilaterally exculpate himself of any proportional liability he may hold as one of the four guarantors of the note.

When Bunch acquired the promissory note from Hibernia, he did not trade the hat of guarantor of the note for that of holder of the obligation; he wore both hats. As between the coguarantors, he still maintained some liability to his coguarantors for the satisfaction of the debt.

■ Surprisingly, this issue of a guarantor cum noteholder seeking relief from his coguarantors had not been presented to Texas courts until 2004, when it was shown as an issue in *Byrd v. Estate of Nelms,* 154 S.W.3d 149 (Tex.App.-Waco 2004, no pet.). As here, a guarantor of a promissory note purchased the underlying obligation and brought action against its coguarantors in its new capacity as the holder of the promissory note. The Waco court, noting that the issue of the relative liability among coguarantors in such a circumstance was then a case of first impression in Texas, looked at decisions in many other jurisdictions and concluded that

[C]ontribution is an equitable remedy that implies a contract between guarantors ensuring that in the event one of the guarantors is called to pay the debt, the other guarantors would contribute their proportionate share, and no more. *See Curtis v. Cichon,* 462 So.2d 104, 105–06 (Fla.2d D.C.A 1985). The assignment of an underlying note and guaranty agreement to a guarantor does not change the status of the guarantor in relation to his co-guarantors. *Mandolfo,* 253 Neb. at 931, 573 N.W.2d at 138. Therefore, as a matter of law, the relationship between guarantors restricts recovery to their contributive share. *Weitz v. Marram,* 34 Md.App. 115, 121–22, 366 A.2d 86, 89–90 (1976).

*Id.* at 164.

The Waco court observed, in adopting the wording of a decision from a sister state that

Common sense dictates this result. All … sureties agree to be liable for full payment of the note if the principal debtor defaults and are further liable for contribution to the co-surety who actually pays the creditor. Thus, each surety's ultimate liability may be fixed at his virile share of the note. If one of sever-

al sureties, as here, could purchase the note (or otherwise contractually subrogate to the creditor's rights) and then collect the full amount of the note from a co-surety, the purchasing surety would thereby escape liability for his virile portion of the debt. If [Appellants] were able to succeed on their theory, then upon the debtor's default, every surety would race to the bank to purchase the note. The Civil Code does not contemplate that a surety's liability should be premised upon the fortuity of being the first to purchase the debtor's note.

*Byrd,* 154 S.W.3d at 165 (quoting *Boyter v. Shreveport Bank & Trust,* 65 B.R. 944, 948 (W.D.La.1986)).

### Reciprocal Co–Guarantor Liability

Although the particular fact situation presented here has only recently been addressed by the courts of this State, the question of liability of coguarantors to each other has a long history. For well over a hundred years, it has been a "general and familiar rule of law" that, as among coguarantors, each will bear his proportional part of the burden to the effect that should one of them pay more than his proportional part, the others will contribute equally to indemnify him for any amount in excess of his proportional part. *Merchants' Nat'l Bank v. McAnulty,* 89 Tex. 124, 33 S.W. 963 (1896); *Sisco v. Briones,* 809 S.W.2d 524 (Tex.App.-San Antonio 1991, no writ); *Byrd,* 154 S.W.3d at 164.

Bunch, still being among the joint guarantors of the note, is not entitled to recover the entire amount of the promissory note from his coguarantors. There were four joint guarantors of the note: Bunch, Lavender, Lively, and Coburn. Therefore,

Bunch can recover judgment for only three-fourths of the jointly-owed amount.

### Attorneys' Fees

The attorneys' fees which were awarded to Bunch in response to his motion for summary judgment were based on his recovery of the entire amount of the promissory note. Since that judgment has been reversed and since the appeal of Lavender is partially successful, the trial court may determine a different amount of attorneys' fees for which each of the coguarantors would be liable.

The court properly found that the surrender to Bunch of the $100,000.00 certificate of deposit held as collateral for the note did not operate as accord and satisfaction.

The court was in error in awarding Bunch judgment against his coguarantors for the full amount of the debt, and we hold that he was only entitled to judgment for three-fourths of the obligation of which all four parties guaranteed payment. By having acquired the note by assignment, however, Bunch does benefit by being able to seek recovery, jointly and severally, against the other three joint guarantors.[2]

We reverse the judgment and remand this case to the trial court for further proceedings consistent with our opinion.

---

**2.** We recognize that rights of contribution exist *between and among* Lavender, Lively, and Coburn should one or more of them pay more than the proportionate liability to satisfy the three-fourths of the debt, but issues of contribution among them is not presented here.